Brandon J. Tittle
Texas Bar No. 24090436
Manolo R. Santiago
Texas Bar No. 24129258
**TITTLE SANTIAGO, PLLC**
1125 Legacy Dr., Ste. 230
Frisco, Texas 75034
Telephone: 972.213.2316
Email: btittle@tittlesantiago.com
Email: msantiago@tittlesantiago.com

**PROPOSED COUNSEL FOR DEBTOR AND DEBTOR-IN-POSSESSION**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 26-60765** |
| **DOUBLE D SOLUTIONS AND DEVELOPMENT, LLC,** | § | |
| | § | **Chapter 11 (Subchapter V)** |
| | § | |
| **Debtor.** | § | |

**DEBTOR'S AMENDED EMERGENCY MOTION TO ENFORCE THE AUTOMATIC STAY, SUSPEND PREPETITION CITATION RESTRAINTS, AND RESTORE ACCESS <u>TO ESTATE FUNDS SUBJECT TO THE COURT'S CASH-COLLATERAL ORDERS</u>**

**EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 5:00 P.M. CENTRAL TIME ON AUGUST 14, 2026.**

**IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Double D Solutions and Development, LLC, the debtor and debtor-in-possession in the above-captioned case (the "<u>Debtor</u>"), files this Emergency Motion (the "<u>Motion</u>") under 11 U.S.C. §§ 105(a), 362(a), 363, 541, 542, 1107, and 1108; 28 U.S.C. §§ 157 and 1334; Federal Rules of Bankruptcy Procedure 4001, 7001, and 9014; Western District of Texas Local Rules 9013-1 and

9014-1; and Appendix L-1020.2-1. The Debtor requests narrow, immediate relief to prevent a prepetition Cook County citation process from immobilizing operating cash while preserving all valid lien rights and the procedural rights of G and G Funding Group LLC ("G&G").

The Debtor does not presently seek sanctions, a final adjudication of G&G's lien, or an avoidance determination. Nor does the Debtor contend that passive retention of property, standing alone, necessarily violates 11 U.S.C. § 362(a)(3). Instead, the Debtor asks the Court to enforce the existing automatic stay against continuation and enforcement of G&G's prepetition supplementary proceedings; require prompt disclosure of the citation and service information that is presently unavailable; prevent the Citations from sweeping postpetition receipts; and require G&G not to oppose removal of a citation-based restraint on funds that remain property of the estate once this Court authorizes use of those funds under its cash-collateral orders. A separate motion to expedite is being filed contemporaneously.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case and this Motion under 28 U.S.C. §§ 157 and 1334. Enforcement of the automatic stay and administration of property of the estate are core matters under 28 U.S.C. § 157(b)(2)(A), (G), and (O). The district court has exclusive jurisdiction of property of the Debtor and property of the estate under 28 U.S.C. § 1334(e)(1). Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested include Bankruptcy Code §§ 105(a), 362(a)(1), (2), (3), and (6), 363, 541, 542, 1107, and 1108. To the extent any request for final affirmative recovery, lien adjudication, or a new injunction must be prosecuted as an adversary proceeding under Bankruptcy Rule 7001(a), (b), or (g), the Debtor requests the interim

stay-enforcement relief that may properly be granted in this contested matter and reserves the right to commence an adversary proceeding immediately after the citation respondent is identified.

## BACKGROUND

3. The Debtor filed its voluntary Chapter 11 petition and elected treatment under Subchapter V on August 7, 2026 (the "Petition Date"). The Debtor continues to operate its business and manage its property as debtor-in-possession under Bankruptcy Code §§ 1107, 1108, and 1184

4. The Debtor provides alteration and remodeling construction services, including custom woodwork and molding, for commercial, private, and municipal customers.

5. The Debtor employs approximately sixteen employees. Its first-day filings explain that maintaining payroll and project operations is essential to completing customer work, collecting receivables, and preserving going-concern value. The Debtor's representative weekly payroll and related obligations are approximately $27,000, and the Debtor also must fund materials, insurance, utilities, and other ordinary-course expenses.

6. On the Petition Date, the Debtor filed its *Emergency Motion for an Interim and Final Order Authorizing Use of Cash Collateral and Granting Adequate Protection* [Docket No. 8] (the "Cash Collateral Motion"). The Cash Collateral Motion identifies G&G as an MCA creditor asserting a secured claim of approximately $187,847.84, while expressly reserving all issues concerning validity, perfection, priority, and extent. The Debtor's proposed cash-collateral framework provides adequate protection, including replacement liens to the extent a creditor establishes a valid prepetition interest, and limits use of cash to the Debtor's court-reviewed operating budget.

7. The Debtor's cash-flow forecast filed with the Cash Collateral Motion reflects beginning cash of approximately $184,500 for the week ending August 7, 2026, expected operating

disbursements of approximately $28,889 for that week, and continuing payroll and operating needs in the weeks immediately following the Petition Date. Immobilization of a material operating account therefore directly threatens payroll, project completion, collection of receivables, and the Debtor's ability to reorganize.

**G&G'S COOK COUNTY JUDGMENT AND AUGUST 5 CITATIONS**

8. G&G commenced a confession-of-judgment action against Double D Solutions and Development, LLC and Thomas D. Pavelka in the Circuit Court of Cook County, Illinois, Law Division, styled *G and G Funding Group LLC v. Double D Solutions and Development LLC, et al.*, Case No. 2025L050618 (the "Cook County Action"). The Cook County electronic docket identifies Uriel Kurtz as counsel for G&G.

9. The Cook County docket reflects entry of a judgment for G&G on July 30, 2026. Critically, the official docket also reflects two separate entries dated August 5, 2026 - only two days before the Petition Date - each stating "Citation To Discover Assets Issued." A true and correct excerpt of the Cook County electronic docket available to the Debtor is attached separately as **Exhibit A**.

10. On or about the Petition Date, the Debtor learned that two of its bank accounts had been restrained or frozen. Based on the timing of the Cook County docket and the information presently available, the Debtor reasonably believes that one or both August 5 Citations caused the restraint. The Debtor presently believes the affected accounts are maintained at First Security State Bank ("FSSB") and The First National Bank of McGregor ("TFNB"), the two financial institutions reflected in the Debtor's records reviewed by counsel. Because the Cook County Clerk is closed for the weekend and the Debtor does not possess the Citations or returns of service, the Debtor

cannot presently determine which bank was served, when service occurred, the precise amount restrained, or whether either Citation purports to reach postpetition deposits.

11. The Debtor has no present information showing that the restrained funds were paid over to G&G or finally transferred away from the Debtor before the Petition Date. The public docket available to the Debtor reflects issuance of the Citations but does not identify any order directing a financial institution to turn over the restrained funds. Accordingly, to the extent the funds remain in a Debtor account subject only to a citation restraint, the Debtor believes its legal and equitable interests in those funds became property of the estate under § 541(a)(1), subject to whatever valid lien rights G&G can establish.

## RELIEF REQUESTED

12. The Debtor requests an order: (a) confirming that the automatic stay prohibits any postpetition continuation, enforcement, or collection activity by G&G under the Cook County judgment and Citations against the Debtor or estate property; (b) prohibiting any transfer of estate funds to G&G or the Cook County court absent relief from the stay; (c) requiring G&G promptly to notify every citation respondent and the Cook County court of this Chapter 11 case and the stay; (d) requiring G&G to provide the Debtor with the Citations, proofs of service, citation responses, and information identifying the bank and amount restrained; (e) requiring G&G to take the steps necessary to ensure that the Citations do not capture postpetition deposits; and (f) once this Court authorizes use of the affected funds under a cash-collateral order, requiring G&G not to oppose and to consent to removal of the restraint attributable solely to the Citations, with all valid lien rights preserved and treated under the cash-collateral order.

13. The Debtor requests this relief without prejudice to G&G's right to seek adequate protection or stay relief, without adjudicating the validity, perfection, priority, or extent of any lien,

and without impairing any independent setoff or security right that a financial institution may properly assert. If the Court concludes that affirmative recovery of any disputed prepetition balance requires an adversary proceeding, the Debtor requests immediate entry of the remaining stay-enforcement and disclosure relief and an expedited status conference so that any necessary adversary proceeding can be filed and heard without jeopardizing operations.

**BASIS FOR RELIEF**

14. Section 541(a)(1) creates a bankruptcy estate that includes "all legal or equitable interests of the debtor in property as of the commencement of the case," wherever located and by whomever held. 11 U.S.C. § 541(a)(1). Property may enter the estate even when possession is held by another entity. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205-07 (1983).

15. Illinois law confirms that service of a citation to discover assets creates a lien rather than, by itself, transferring ownership of the cited property. *See* 735 ILCS 5/2-1402(a), (f), (m). A third-party citation may prohibit transfer of the judgment debtor's funds, and the judgment creditor's citation lien attaches upon service to nonexempt personal property, including money, in the third party's possession or control. *Id.* § 2-1402(m). Further court action may be required to compel delivery or application of the property to the judgment. *Id.* § 2-1402(c). Thus, if the bank merely restrained the Debtor's funds before the Petition Date and had not paid them over, the Debtor retained an interest in the funds that became estate property, subject to any valid citation lien.

16. Section 362(a) separately stays, among other things, the continuation of a prepetition judicial proceeding against the Debtor, enforcement of a prepetition judgment against the Debtor or estate property, an act to obtain possession of or exercise control over estate property, and an act to collect or recover a prepetition claim. 11 U.S.C. § 362(a)(1), (2), (3), (6). At a

minimum, G&G may not take any new postpetition step to prosecute the supplementary proceedings, obtain turnover of restrained funds, or collect its judgment without relief from this Court.

17. The Supreme Court's decision in *City of Chicago v. Fulton*, 592 U.S. 154 (2021), does not require a different result. *Fulton* held that merely retaining estate property does not, without more, violate § 362(a)(3), and emphasized the separate role of § 542. *Id.* at 159-63. The Debtor therefore does not rely on passive retention alone as a stay violation and does not seek sanctions by this Motion. Instead, the Debtor seeks to stop continuation and enforcement of the citation process under § 362(a)(1), (2), and (6), to prevent any sweep of postpetition deposits, and to coordinate access to estate funds with this Court's cash-collateral orders.

18. That distinction matters here because the Debtor does not yet know the terms, respondents, or service dates of the Citations. Post-*Fulton* courts have recognized that a creditor that promptly stays a garnishment and does not capture additional postpetition funds may preserve the prepetition status quo, while continued postpetition garnishment presents a materially different issue. *Compare Stuart v. City of Scottsdale (In re Stuart)*, 632 B.R. 531, 542-43 & n.12 (B.A.P. 9th Cir. 2021), with *In re Namen*, 649 B.R. 603, 614-16 (Bankr. M.D. Fla. 2023). Immediate disclosure and suspension are therefore necessary to determine the status quo and prevent a prepetition citation from becoming a postpetition collection device.

19. The Debtor also recognizes the procedural limits imposed by Bankruptcy Rule 7001. Rule 7001(a) generally requires an adversary proceeding to recover money or property from a nondebtor, and Rule 7001(g) generally requires an adversary proceeding to obtain a new injunction or other equitable relief. The current rule's limited turnover-by-motion exception

applies only to an individual debtor seeking tangible personal property under § 542(a), not to this corporate Debtor seeking money. *See* FED. R. BANKR. P. 7001(a), (g).

20. For that reason, the Debtor has tailored this Motion principally to enforcement of the already-existing automatic stay and to interim case-administration relief. The Debtor asks G&G to cease enforcement, disclose the citation information, prevent postpetition capture, and consent to removal of the citation-based restraint when the Court authorizes the Debtor's use of the funds under § 363. If a bank or G&G contests the Debtor's ownership or right to recover a prepetition balance and the Court determines an adversary proceeding is necessary, the Debtor will promptly pursue that procedure. The immediate relief requested now will preserve the estate and prevent the rules governing procedure from becoming a mechanism for continued collection during the first days of a reorganization.

21. Finally, any valid interest G&G has in cash collateral can be protected under § 363(e). The Cash Collateral Motion already proposes replacement liens and other protections for parties that establish valid, perfected prepetition interests, while reserving the Debtor's rights to challenge those interests. [ECF No. 8]. Allowing the Debtor to access operating cash under a court-approved budget therefore need not destroy or diminish any legitimate prepetition lien; it simply moves control over estate cash from a state-law collection mechanism to the centralized bankruptcy process.

## EMERGENCY RELIEF IS NECESSARY

22. The Debtor commenced this Subchapter V case to preserve an operating construction business, complete projects, collect approximately $2.5 million of accounts receivable reflected on its prepetition books, and maintain a workforce of approximately sixteen employees. A frozen operating account during the first weekend of the case threatens payroll,

supplies, and customer performance before the Court can adjudicate the Debtor's first-day requests in the ordinary course.

23. The relief requested is also narrow and reversible. It preserves G&G's asserted lien position without enhancement, prevents postpetition collection, and places any use of funds under this Court's cash-collateral orders. The balance of harms strongly favors immediate centralized control by this Court rather than continued restraint through a prepetition supplementary proceeding.

## PRAYER

WHEREFORE, the Debtor respectfully requests that the Court enter the attached proposed order; set this Motion for hearing at the earliest available time, preferably with the Debtor's pending first-day matters; enforce the automatic stay against further citation enforcement; require G&G promptly to identify and notify the citation respondent(s) and provide the citation and service documents; prevent the Citations from capturing postpetition deposits; require G&G, upon entry of a cash-collateral order authorizing use of the affected funds, to consent to and take necessary steps to remove the citation-based restraint; and grant such other and further relief as the Court deems just and proper.

Dated: August 9, 2026.

Respectfully submitted,

*/s/ Brandon J. Tittle*
Brandon J. Tittle
Texas Bar No. 24090436
Manolo R. Santiago
Texas Bar No. 24129258
**TITTLE SANTIAGO, PLLC**
1125 Legacy Dr., Ste. 230
Frisco, Texas 75034
Telephone: 972.213.2316
Email: btittle@tittlesantiago.com
Email: msantiago@tittlesantiago.com

**COUNSEL FOR DEBTORS**
**AND DEBTORS-IN-POSSESSION**

## CERTIFICATE OF CONFERENCE

Conference before filing has not been possible or practical. The need for the requested relief arose during the first weekend of this case, immediately after the Friday, August 7, 2026, Petition Date. The Cook County Clerk is closed, the public docket identifies two citations issued on August 5, 2026, but does not identify the citation respondent(s), and the Debtor does not possess the citations, returns of service, or garnishee responses. Debtor's counsel will make immediate reasonable efforts to confer with G and G Funding Group LLC's counsel of record and the affected financial institution(s) and will report their positions to the Court at or before the expedited hearing.

*/s/ Brandon J. Tittle*
Brandon J. Tittle

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2026, a true and correct copy of the foregoing was served through the Court's CM/ECF system on all parties registered to receive electronic notice in this case and, to the extent not receiving CM/ECF notice, by electronic mail and/or the most expeditious means reasonably available upon the Office of the United States Trustee; the Subchapter V trustee, if appointed; G and G Funding Group LLC at its creditor-matrix address; Uriel Kurtz, counsel of record for G and G Funding Group LLC in Cook County Case No. 2025L050618 (courtesy electronic service at the publicly listed address ukurtz@cutlerlawgroup.com); First Security State Bank (FSSB) and The First National Bank of McGregor (TFNB) at the addresses listed on the Debtor's creditor matrix; the twenty largest unsecured creditors; and all parties that have filed a notice of appearance or request for notice.

*/s/ Brandon J. Tittle*
Brandon J. Tittle

A-1 Building Supply
4445 Canyon Dr.
Amarillo, TX 79110

ABC Supply Company
P.O. Box 842450
Dallas, TX 75284

Ally Bank
P.O. Box 380902
Minneapolis, MN 55438

Capital One Bank
4515 N Santa Fe Ave
Oklahoma City, OK 73118

Cedar Advance LLC
5401 Collins Ave. CU-9A
Miami Beach, FL 33140

Central Hardwoods
1959 W. Northwest Hwy
Dallas, TX 75220

Chase Auto Finance
P.O. Box 650351
Dallas, TX 75265

Dakota Premium Hardwoods
P.O. Box 840764
Dallas, TX 75284

Dealers Electrical Supply
P.O. Box 2535
Waco, TX 76702

First Security State Bank
Attn. Legal
307 N. Third
Cranfills Gap, TX 76637

Forward Financing LLC
53 State St. 20th Floor
Boston, MA 02109

Fox Funding Group LLC
803 S 21 Ave.
Hollywood, FL 33020

G and G Funding Group LLC
57 West 57th St. 4th Floor
New York, NY 10019

G and G Funding Group LLC
c/o Cutler Gordon & Warga
Attn. Uriel Kurtz
5995 East Grant Road, Ste. 200
Tucson, AZ 85712

Headway Capital
175 W Jackson Blvd Suite 1000
Chicago, IL 60604

Hill County Tax Office
305 S. San Jacinto
Whitney, TX 76692

Home Depot Credit Services
P.O. Box 658226
Dallas, TX 17936

Itasca Landfill, Republic Services
P.O. Box 677839
Dallas, TX 75267

JPMorgan Chase Bank
c/o National Bankruptcy Services
P.O. Box 9013
Addison, TX 75001

KHBR
335 Country Club Dr.
Hillsboro, TX 76645

Lowes
P.O. Box 530970
Atlanta, GA 30353

LW RV Park & Mini Warehouse
P.O. Box 591
Whitney, TX 76692

Ocean Funding Corp.
2941 West Cypress Creek Rd. Suite 101
Fort Lauderdale, FL 33309

Redwoods, Inc.
623 Esther Street
Waco, TX 76710

Rugby
920 Ave. R.
Grand Prairie, TX 75050

Samson MCA LLC
17 State Street, Suite 630
New York, NJ 10004

SRM Concrete
200 Sims Dr.
Whitney, TX 76692

Sunbelt Rentals
7011 Woodway Dr.
Woodway, TX 76712

Texas Comptroller of Public Accounts
Bankruptcy Collection Division MC-008
P.O. Box 12548 MC-008
Austin, TX 78711

TFNB
Attn: Legal / Bankruptcy Department
901 S. 8th Street
Waco, TX 76706

TFNB
Attn: Legal
401 South Main Street
McGregor, TX 76657

Trader Vic's Mini Storage
486 FM 1713
West, TX 76691

U.S. Small Business Administration
Office of General Counsel
312 North Spring Street, 5th Floor
Los Angeles, CA 90012

U.S. Small Business Administration
SBA Bankruptcy Department
P.O. Box 650060
Dallas, TX 75265

United Rentals
P.O. Box 840514
Dallas, TX 75284

Windstream
P.O. Box 9001908
Louisville, KY 40290

Wood Finishers Depot
5215 Sjolander Rd.
Baytown, TX 77521

# EXHIBIT A

## Cook County Docket

# Civil, Law, Chancery, Domestic Case Search

For your convenience, the Clerk of the Circuit Court offers on-line access to electronic docket information for cases in the Criminal divisions. By using this service, the user agrees and understands that he or she is bound by the on-line access to court records Terms of Agreement.

Case information for case number: **2025L050618**

Search Again

| Case Number | Calendar | Date Filed | Division |
|---|---|---|---|
| 2025L050618 | LCALS | 09/15/2025 | District 1 |

| Plaintiff(s) | Case Type | Defendant(s) | Attorney |
|---|---|---|---|
| G AND G FUNDING GROUP LLC | Confession of Judgment - Non-Jury | DOUBLE D SOLUTIONS AND DEVELOPMENT LLC<br>THOMAS D PAVELKA | URIEL KURTZ |

| Ad Damnum |
|---|
| 0 |

**Future Court Activity:**

**Case Activities:**

| | | | | |
|---|---|---|---|---|
| **Activity Date:** | 08/05/2026 | **Event Desc:** | Citation To Discover Assets Issued | **Comments:** |

| | | | | |
|---|---|---|---|---|
| **Activity Date:** | 08/05/2026 | **Event Desc:** | Citation To Discover Assets Issued | **Comments:** |

| Activity Date: | | Event Desc: | | Comments: |
|---|---|---|---|---|
| **Activity Date:** | 08/05/2026 | **Event Desc:** | Citation To Discover Assets Issued | **Comments:** |
| **Activity Date:** | 07/30/2026 | **Event Desc:** | Judgment For A Specific Litigant - Allowed - | **Comments:** |
| **Activity Date:** | 07/30/2026 | **Event Desc:** | Judgment For Plaintiff | **Comments:** |
| **Activity Date:** | 07/22/2026 | **Event Desc:** | Certificate Filed | **Comments:** |
| **Activity Date:** | 06/29/2026 | **Event Desc:** | Motion Filed | **Comments:** |
| **Activity Date:** | 06/29/2026 | **Event Desc:** | Notice Of Motion Filed | **Comments:** |
| **Activity Date:** | 06/29/2026 | **Event Desc:** | Motion Filed | **Comments:** |
| **Activity Date:** | 06/04/2026 | **Event Desc:** | Case Continued For Case Management Conference - Allowed - | **Comments:** |

| | | | | | |
|---|---|---|---|---|---|
| **Activity Date:** | 04/30/2026 | **Event Desc:** | Case Assigned to Zoom Hearing - Allowed | **Comments:** | |
| **Activity Date:** | 04/30/2026 | **Event Desc:** | Case Continued For Case Management Conference - Allowed - | **Comments:** | |
| **Activity Date:** | 04/24/2026 | **Event Desc:** | Affidavit Of Service Filed | **Comments:** | |
| **Activity Date:** | 04/22/2026 | **Event Desc:** | Summons Issued And Returnable | **Comments:** | |
| **Activity Date:** | 03/25/2026 | **Event Desc:** | Case Continued For Case Management Conference - Allowed - | **Comments:** | |
| **Activity Date:** | 03/25/2026 | **Event Desc:** | Strike From The Call - Allowed - | **Comments:** | |
| **Activity Date:** | 03/12/2026 | **Event Desc:** | Case Continued For Case Management Conference - Allowed - | **Comments:** | |
| **Activity Date:** | 03/12/2026 | **Event Desc:** | Assign To Judge Within Division | **Comments:** | 2101 j esrig |

| | | | | |
|---|---|---|---|---|
| **Activity Date:** | 03/12/2026 | **Event Desc:** | Case Set On Individual Calendar | **Comments:** |
| **Activity Date:** | 03/10/2026 | **Event Desc:** | Transfer To Judge Within Division | **Comments:** |
| **Activity Date:** | 03/10/2026 | **Event Desc:** | Strike From The Call - Allowed - | **Comments:** |
| **Activity Date:** | 03/10/2026 | **Event Desc:** | Judgment For Plaintiff - Denied - | **Comments:** |
| **Activity Date:** | 02/23/2026 | **Event Desc:** | Continuance | **Comments:** |
| **Activity Date:** | 02/23/2026 | **Event Desc:** | Case Assigned to Zoom Hearing - Allowed | **Comments:** |
| **Activity Date:** | 02/18/2026 | **Event Desc:** | Continuance | **Comments:** |
| **Activity Date:** | 02/18/2026 | **Event Desc:** | Case Assigned to Zoom Hearing - Allowed | **Comments:** |

| Activity Date: | Event Desc: | Comments: |
|---|---|---|
| 02/11/2026 | Continuance | |
| 02/11/2026 | Case Assigned to Zoom Hearing - Allowed | |
| 01/21/2026 | Continuance | |
| 01/21/2026 | Case Assigned to Zoom Hearing - Allowed | |
| 01/21/2026 | Motion Filed | |
| 01/21/2026 | Brief Filed | |
| 12/23/2025 | Continuance | |
| 12/23/2025 | Strike From The Call - Allowed - | |

| | | | | |
|---|---|---|---|---|
| **Activity Date:** | 12/18/2025 | **Event Desc:** | Continuance | **Comments:** |
| **Activity Date:** | 12/18/2025 | **Event Desc:** | Case Assigned to Zoom Hearing - Allowed | **Comments:** |
| **Activity Date:** | 12/04/2025 | **Event Desc:** | Continuance | **Comments:** |
| **Activity Date:** | 12/04/2025 | **Event Desc:** | Case Assigned to Zoom Hearing - Allowed | **Comments:** |
| **Activity Date:** | 11/24/2025 | **Event Desc:** | Continuance | **Comments:** |
| **Activity Date:** | 11/24/2025 | **Event Desc:** | Case Assigned to Zoom Hearing - Allowed | **Comments:** |
| **Activity Date:** | 11/18/2025 | **Event Desc:** | Continuance | **Comments:** |
| **Activity Date:** | 11/18/2025 | **Event Desc:** | Case Assigned to Zoom Hearing - Allowed | **Comments:** |

| | | | | |
|---|---|---|---|---|
| **Activity Date:** | 10/17/2025 | **Event Desc:** | Electronic Notice Sent | **Comments:** |
| **Activity Date:** | 09/15/2025 | **Event Desc:** | Confession Of Judgment Complaint Filed | **Comments:** |
| **Activity Date:** | 09/15/2025 | **Event Desc:** | New Case Filing | **Comments:** |

Please Note:If you do not find a case you are looking for, please contact our Customer Service Call Center at (312) 603-5030 and they can assist you with your search.