**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 26-60765** |
| **DOUBLE D SOLUTIONS AND** | § | |
| **DEVELOPMENT, LLC,** | § | **Chapter 11 (Subchapter V)** |
| | § | |
| **Debtor.** | § | |

**ORDER GRANTING DEBTOR'S EMERGENCY MOTION TO ENFORCE THE AUTOMATIC STAY, SUSPEND PREPETITION CITATION RESTRAINTS, AND RESTORE ACCESS TO ESTATE FUNDS SUBJECT TO THE COURT'S CASH-COLLATERAL ORDERS**

On this date came on for consideration the *Debtor's Emergency Motion to Enforce the Automatic Stay, Suspend Prepetition Citation Restraints, and Restore Access to Estate Funds Subject to the Court's Cash-Collateral Orders* (the "Motion"). The Court, having considered the Motion, the record, any evidence and argument presented, and the applicable law, finds that notice was sufficient under the circumstances and that the relief set forth below is appropriate.

**IT IS THEREFORE ORDERED THAT:**

1. The automatic stay imposed by 11 U.S.C. § 362 applies to any continuation,

enforcement, or collection activity by G and G Funding Group LLC ("G&G") against Double D Solutions and Development, LLC (the "Debtor") or property of the Debtor's bankruptcy estate arising from Cook County, Illinois Case No. 2025L050618, including the two Citations to Discover Assets shown on the Cook County docket as issued on August 5, 2026 (collectively, the "Citations").

2. G&G, its counsel, and persons acting on its behalf shall immediately cease any further act to enforce the Citations, to obtain or receive estate funds, or to cause any citation respondent to transfer funds to G&G, the Cook County Clerk, or any other person on account of G&G's prepetition judgment, unless and until this Court grants relief from the automatic stay.

3. No later than the next business day after service of this Order, G&G shall provide Debtor's counsel with copies of each Citation, each return or proof of service, each garnishee or citation-respondent answer or response, and any order entered after July 30, 2026, concerning the Citations or any funds restrained by them. G&G shall also identify each citation respondent, the date and time of service, and the amount of Debtor funds known by G&G to be restrained.

4. No later than the next business day after service of this Order, G&G shall provide written notice of the Debtor's bankruptcy filing and this Order to each citation respondent and shall notify the Cook County court in Case No. 2025L050618 that proceedings against the Debtor and estate property are stayed. G&G shall promptly provide Debtor's counsel a copy of each such notice.

5. G&G shall not cause or permit either Citation to capture, restrain, or sweep any deposit or other property first acquired by the Debtor or its estate after the Petition Date, except to the extent G&G establishes a valid postpetition interest in such property under applicable bankruptcy law and obtains authority from this Court.

6. To the extent any citation respondent continues to hold funds that were owned by the Debtor on the Petition Date and have not been transferred to G&G or another party before the Petition Date, G&G shall not oppose the removal of any restraint based solely on the Citations once this Court authorizes the Debtor to use such funds under an interim or final cash-collateral order. G&G shall execute and deliver any written consent, release, suspension, or other document reasonably necessary to implement that limited relief. Any valid lien or other interest G&G may have in such funds is preserved without enhancement and will be treated only as provided in this Court's cash-collateral orders and applicable law.

7. Nothing in this Order determines the validity, perfection, priority, or extent of any lien, citation lien, security interest, right of setoff, or other interest asserted by G&G or by any financial institution. Nothing in this Order requires the return through this contested matter of funds that were finally transferred away from the Debtor before the Petition Date. All parties' rights regarding any such funds are reserved.

8. To the extent affirmative recovery of any disputed prepetition funds requires an adversary proceeding under Federal Rule of Bankruptcy Procedure 7001, this Order is without prejudice to the Debtor commencing such a proceeding. The Court retains jurisdiction to enforce the automatic stay and this Order and to consider any further emergency relief regarding the Citations and the affected bank account(s).

# # # END OF ORDER # # #