**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 26-60765** |
| **Double D Solutions and Development, LLC** | § | |
| | § | **Chapter 11 (Subchapter V)** |
| **Debtor.** | § | |

**APPLICATION TO EMPLOY TITTLE SANTIAGO, PLLC**
**AS COUNSEL FOR THE DEBTOR**

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO THE INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN 21 DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD. ANY RESPONSE MUST BE TIMELY FILED WITH THE UNITED STATES BANKRUPTCY CLERK, WESTERN DISTRICT OF TEXAS, WACO DIVISION, 800 FRANKLIN AVE., #140, WACO TEXAS 76701. IF A TIMELY RESPONSE IS FILED, THE COURT WILL THEN SET A HEARING ON THE MOTION, AND YOU WILL BE PROVIDED WITH NOTICE OF THE DATE, TIME, AND PLACE OF HEARING. IF YOU DO NOT OPPOSE THE MOTION.**

**TO THE HONORABLE MICHAEL M PARKER**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**

Double D Solutions and Development, LLC, the debtor and debtor in possession in the above-captioned case (the "Debtor"), by and through Thomas Dwayne Pavelka, its Member, files this Application to Employ Tittle Santiago, PLLC as Counsel for the Debtor (the "Application") pursuant to sections 327(a), 330, 331, 1107(a), and 1184 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and W.D. Tex. L. Rule 2014-1, and respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157. This Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein is sections 327 and 1107 of the Bankruptcy Code and Bankruptcy Rule 2014. The Debtor does not seek approval of compensation rates or other compensation terms under section 328(a) of the Bankruptcy Code.

3. The Firm commenced providing postpetition services on August 7, 2026. Because this Application is being filed within 30 days after the Firm commenced services, the requested employment is contemporaneous under W.D. Tex. L. Rule 2014-1(c).

## BACKGROUND

4. On August 7, 2026 (the "Petition Date"), the Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The Debtor elected to proceed under subchapter V of chapter 11 of the Bankruptcy Code.

5. The Debtor continues to manage and operate its business and assets as a debtor and debtor in possession pursuant to section 1184 of the Bankruptcy Code.

6. The Debtor was formed on July 17, 2018. The Debtor provides alteration and remodeling construction services, including custom woodwork and molding, for commercial, private, and municipal customers.

## RELIEF REQUESTED AND BASIS THEREFORE

7. In connection with the performance of its duties and obligations as debtor in possession, the Debtor seeks authority to employ Tittle Santiago, PLLC (the "Firm"), effective as of the Petition Date, to serve as its bankruptcy counsel in this Chapter 11 Case. The Firm's address

is 1125 Legacy Dr., Suite 230, Frisco, Texas 75034; its telephone numbers are 972-213-2316 and 863-303-7140; and its email addresses are btittle@tittlesantiago.com and msantiago@tittlesantiago.com.

8. The Debtor selected the Firm because its attorneys are experienced in bankruptcy and reorganization matters of this nature and are well qualified to represent the Debtor in this Chapter 11 Case.

9. If approved by the Court, the Firm will advise and represent the Debtor concerning ordinary chapter 11 and subchapter V bankruptcy matters, case administration, reorganization, litigation, tax matters, general corporate matters, and other matters that may arise in connection with this Chapter 11 Case. More specifically, the Firm will render the following services to the Debtor:

(a) provide legal advice with respect to the Debtor's powers and duties as debtor-in-possession in the continued operation of its business and the management of its property;

(b) take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on behalf of the Debtor, the defense of any actions commenced against the Debtor, negotiations concerning litigation in which the Debtor is involved, and objections to claims filed against the Debtor's estates;

(c) prepare on behalf of the Debtor necessary motions, answers, orders, reports, and other legal papers in connection with the administration of its estate;

(d) assist the Debtor in preparing for and filing a plan of reorganization at the earliest possible date;

(e) perform any and all other legal services for the Debtor in connection with the Debtor's Chapter 11 Case; and

(f) perform such legal services as the Debtor may request with respect to any matter, including, but not limited to, corporate finance and governance, contracts, antitrust, labor, and tax.

10. The Firm has informed the Debtor that it does not hold or represent an interest adverse to the Debtor or the Debtor's estate concerning the matters for which employment is sought. If the Firm discovers during the pendency of this Chapter 11 Case any connection or other matter requiring additional disclosure, the Firm will promptly supplement its disclosures to the Court.

11. Based upon the Firm's conflicts search and the information presently available, the Firm has informed the Debtor that, as further set forth in the Declaration of Manolo R. Santiago attached hereto as **Exhibit A**, the Firm has no connections requiring disclosure with the Debtor, the Debtor's creditors, other parties in interest, their respective attorneys or accountants, the United States Trustee, or any employee of the Office of the United States Trustee. The Firm does not hold or represent an interest adverse to the Debtor or the Debtor's estate and is a disinterested person within the meaning of the Bankruptcy Code.

12. Subject to Court approval under sections 330 and 331 of the Bankruptcy Code, the Firm proposes to charge for services at the following hourly rates: Brandon J. Tittle, $625.00 per hour; Manolo R. Santiago, $550.00 per hour; and legal assistants, $195.00 per hour. The Firm will also seek reimbursement of actual and necessary expenses at cost. All compensation and expense reimbursement will be subject to Court approval, and the Firm will not receive payment of any postpetition fees or expenses absent an order of the Court.

13. The Firm has not agreed to share any compensation received in connection with this Chapter 11 Case with any other person, except for ordinary compensation sharing among members and employees of the Firm.

14. The Firm is the successor firm to Tittle Law Firm, PLLC. On October 10, 2025, Tittle Law Firm, PLLC and the Debtor entered into the engagement letter attached hereto as

**Exhibit B** (the "Engagement Letter"). Before the Petition Date, Tittle Law Firm, PLLC rendered legal services to the Debtor concerning bankruptcy law and procedure and the preparation necessary for the filing of this Chapter 11 Case.

15. On October 13, 2025, Tittle Law Firm, PLLC received $20,000.00 from the Debtor as a prepetition security retainer and deposited those funds into its IOLTA account. Before the Petition Date, prepetition fees and expenses totaled $24,823.00, but Tittle Law Firm, PLLC reduced those fees and expenses to $20,000.00 and applied the full $20,000.00 retainer against them. Accordingly, as of the Petition Date, there was no unpaid prepetition balance and no unapplied retainer. Neither the Firm nor Tittle Law Firm, PLLC has received any postpetition retainer, compensation, or expense payment. The Firm's disclosure under Bankruptcy Rule 2016(b) is attached hereto as **Exhibit C.**

16. No other attorneys are presently employed or expected to be employed by the Debtor in this Chapter 11 Case. To the Debtor's knowledge, no other accountants, brokers, or other estate professionals are presently employed or expected to be employed by the Debtor.

17. A proposed order granting the relief requested in this Application is attached hereto as **Exhibit D** and is being separately submitted to the Court in accordance with W.D. Tex. L. Rule 9013-1(b).

## CONCLUSION

18. At the Debtor's request, the Firm commenced rendering postpetition services to and on behalf of the Debtor on the Petition Date. The Debtor therefore requests that the Court approve the Firm's employment as counsel for the Debtor effective August 7, 2026, on the terms set forth herein.

WHEREFORE, the Debtor respectfully requests an Order of this Court approving the Debtor's employment of the Tittle Santiago, PLLC as its counsel as of the Petition Date, on the terms set forth herein, and for such other and further relief, legal or equitable, special or general, to which the Debtor may show itself justly entitled.

Dated: August 26, 2026.

Respectfully submitted,

*/s/ Thomas Dwayne Pavelka*
Thomas Dwayne Pavelka
Member for Double D Solutions and Development LLC

Dated: August 26, 2026.

Respectfully submitted,

**TITTLE SANTIAGO, PLLC**

*/s/ Manolo R. Santiago*
Manolo R. Santiago
Texas Bar No. 24129258
Email: msantiago@tittlesantiago.com
Brandon J. Tittle
Texas Bar No. 24090436
Email: btittle@tittlesantiago.com
1125 Legacy Dr., Ste. 230
Frisco, Texas 75034
Telephone: 972.213.2316 / 863.303.7140

**PROPOSED COUNSEL FOR DEBTOR AND DEBTOR-IN-POSSESSION**

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2026, I caused a true and correct copy of the foregoing Application to be served through the Court's CM/ECF system upon all parties registered to receive electronic notice. I further certify that the Appendix L-2014-1 Notice of Employment of Professional was served by first-class United States mail, postage prepaid, upon each party listed on the attached Service List.

*/s/ Manolo R. Santiago*
Manolo R. Santiago