EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 26-60765** |
| **Double D Solutions and Development, LLC** | § | |
| | § | **Chapter 11 (Subchapter V)** |
| **Debtor.** | § | |

**DECLARATION OF MANOLO R. SANTIAGO IN SUPPORT OF APPLICATION TO EMPLOY TITTLE SANTIAGO, PLLC AS COUNSEL FOR THE DEBTOR[1]**

MANOLO R. SANTIAGO, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1. I am over the age of eighteen years, am competent to make this Declaration, and have personal knowledge of the matters stated herein. If called as a witness, I could and would testify competently to those matters.

2. I am an attorney duly admitted to practice before the courts of the State of Texas and the United States District Courts for the Eastern, Northern, Southern, and Western Districts of Texas. I submit this Declaration in support of the Application and to fulfill the disclosure requirements of 11 U.S.C. §§ 327 and 329 and Federal Rules of Bankruptcy Procedure 2014 and 2016(b).

3. I am an attorney with Tittle Santiago, PLLC (the "Firm"), which Double D Solutions and Development, LLC (the "Debtor") seeks to employ as its bankruptcy counsel. The Firm's office is located at 1125 Legacy Dr., Suite 230, Frisco, Texas 75034; its telephone numbers are 972-213-2316 and 863-303-7140; and its email addresses are btittle@tittlesantiago.com and msantiago@tittlesantiago.com.

4. The Firm's currently proposed hourly rates are $625.00 for Brandon J. Tittle, $550.00 for me, and $195.00 for legal assistants. The Firm will seek reimbursement of actual and necessary expenses at cost. The Firm's rates may be adjusted periodically to reflect changes in seniority, inflation, and other factors, and any changed rates will be disclosed to the Court in accordance with applicable law.

[1] All capitalized terms not defined herein shall have the same meaning ascribed to such term in the Application.

5. The Firm is well qualified to represent the Debtor in this Chapter 11 Case and is willing to accept employment on the basis set forth in the Application. The Firm will provide ordinary chapter 11 and subchapter V bankruptcy representation, case administration, reorganization, litigation, tax advice, general corporate advice, and related legal services as needed in connection with this Chapter 11 Case.

6. The Firm has not shared or agreed to share with any person the compensation paid or to be paid in connection with this Chapter 11 Case, except pursuant to ordinary compensation arrangements among members and employees of the Firm.

7. The Firm is the successor firm to Tittle Law Firm, PLLC. Tittle Law Firm, PLLC entered into an engagement letter with the Debtor on October 10, 2025. The Firm represents only the Debtor in this Chapter 11 Case. The Firm does not represent any insider of the Debtor individually in this case and will not do so unless separately retained in the future with any required Court approval.

8. On October 13, 2025, the Debtor paid Tittle Law Firm, PLLC a $20,000.00 prepetition security retainer, which was deposited into the firm's IOLTA account. Before the Debtor filed its bankruptcy petition on August 7, 2026, the full retainer was applied to prepetition fees and expenses. Prepetition fees and expenses totaled $24,823.00, but Tittle Law Firm, PLLC reduced that amount to $20,000.00. As of the Petition Date, no portion of the retainer remained, and the Debtor owed no unpaid prepetition fees or expenses. Neither the Firm nor Tittle Law Firm, PLLC has received any postpetition retainer, fee payment, expense reimbursement, or other compensation in connection with this Chapter 11 Case.

9. The Firm conducted a reasonable conflicts review using its client database and conflict-search procedures. The review included the Debtor, the Debtor's creditors, insiders, other parties in interest, their respective attorneys and accountants, the subchapter V trustee, the United States Trustee, and personnel of the Office of the United States Trustee.

10. To the best of my knowledge after that review, the Firm has no connections with the persons and entities included in the review that require disclosure in connection with the proposed employment. The Firm has not provided legal advice or representation to any entity having a claim or interest adverse to the Debtor in connection with this Chapter 11 Case.

11. To the best of my knowledge, neither the Firm nor any member or employee of the Firm holds or represents an interest adverse to the Debtor's estate, and the Firm and its members

and employees are disinterested persons within the meaning of 11 U.S.C. § 101(14) and eligible for employment under 11 U.S.C. § 327(a).

12. No other attorneys are presently employed or expected to be employed by the Debtor in this Chapter 11 Case. To my knowledge, no other accountants, brokers, or other estate professionals are presently employed or expected to be employed by the Debtor.

13. If I or the Firm learns of any additional connection, payment, agreement, or other relevant information bearing on this Declaration or the Firm's proposed employment, the Firm will promptly supplement its disclosures at the earliest opportunity.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 26, 2026.

Manolo R. Santiago