Manolo R. Santiago
Texas Bar No. 24129258
Email: msantiago@tittlesantiago.com
Brandon J. Tittle
Texas Bar No. 24090436
Email: btittle@tittlesantiago.com
**TITTLE SANTIAGO, PLLC**
1125 Legacy Dr., Ste. 230
Frisco, Texas 75034
Telephone: 972.213.2316 / 863.303.7140
**PROPOSED COUNSEL FOR DEBTOR**
**AND DEBTOR-IN-POSSESSION**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 26-60765-mmp-11** |
| **DOUBLE D SOLUTIONS AND** | § | |
| **DEVELOPMENT, LLC** | § | |
| | § | **Chapter 11, Subchapter V** |
| **Debtor** | § | |

# DEBTOR'S MOTION TO VACATE DISMISSAL ORDER AND REINSTATE CHAPTER 11 CASE PURSUANT TO FED. R. BANKR. P. 9024

**TO THE HONORABLE MICHAEL M. PARKER,**
**CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Double D Solutions and Development, LLC, the debtor and debtor in possession in the above-captioned case (the "Debtor"), files this Motion to Vacate Dismissal Order and Reinstate Chapter 11 Case Pursuant to Federal Rule of Bankruptcy Procedure 9024 (the "Motion"), and respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The procedural bases for the relief requested are Federal Rule of Bankruptcy Procedure 9024, Federal Rule of Civil Procedure 60(b)(1), and Local Rule 9014-1(d)(6).

## BACKGROUND

4. On August 7, 2026 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code and elected to proceed under Subchapter V. [Dkt. No. 1].

5. On the Petition Date, the Debtor's authorized member, Thomas Dwayne Pavelka, and undersigned counsel physically signed the required Declaration for Electronic Filing of Bankruptcy Petition and Master Mailing List (Matrix) (the "Petition Declaration"). The Petition Declaration was therefore executed on time. Counsel understood and believed that the completed Petition Declaration had been filed with the petition. Its absence from the docket resulted from an inadvertent filing omission, not from any failure to obtain the required signatures or authorization.

6. On August 18, 2026, the Clerk issued a Declaration for Electronic Filing Due Notice, which set September 1, 2026 as the extended deadline to file the Petition Declaration. [Dkt. No. 49].

7. The Court's Order Dismissing Case for Failure to File the Declaration for Electronic Filing was dated September 4, 2026, and entered on September 8, 2026 (the "Dismissal Order"). [Dkt. No. 58]. The Dismissal Order dismissed the case without prejudice based solely on the failure to place the Petition Declaration on the docket by the extended deadline.

8. Immediately after learning that the Dismissal Order had been entered, the Debtor filed the fully executed Petition Declaration. [Dkt. No. 62]. The precise deficiency identified in the Dismissal Order has therefore been cured.

9. The Debtor also filed its Statement of Financial Affairs [Dkt. No. 60], Schedules, Statements, and Summary [Dkt. No. 61], and the corresponding Declaration for Electronic Filing [Dkt. No. 63]. The petition, schedules, and statements now have the required declarations on file.

10. Before dismissal, this Subchapter V case had been actively administered for approximately one month. A Subchapter V trustee was appointed [Dkt. No. 16], the Court considered first-day relief, and hearings were scheduled concerning the Debtor's use of cash collateral and the status of the reorganization. Prompt reinstatement will permit the Debtor, the trustee, creditors, and other parties in interest to continue those proceedings without unnecessary disruption, duplication, and expense.

## RELIEF REQUESTED AND BASIS THEREFOR

11. Federal Rule of Bankruptcy Procedure 9024 makes Federal Rule of Civil Procedure 60 applicable in bankruptcy cases. Rule 60(b)(1) authorizes relief from a final order on just terms for mistake, inadvertence, surprise, or excusable neglect.

12. Whether neglect is excusable is an equitable determination that considers all relevant circumstances, including the danger of prejudice, the length of the delay and its potential impact on the proceedings, the reason for the delay, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Fifth Circuit recognizes that excusable neglect may encompass attorney negligence and requires consideration of the circumstances surrounding the omission. *Christopher v. Diamond Benefits Life Ins. Co. (In re Christopher)*, 35 F.3d 232, 236 (5th Cir. 1994).

13. Those factors favor relief here. The Petition Declaration had been executed on August 7, 2026, counsel believed it had been filed, the omission was discovered only upon entry of the Dismissal Order, and the Debtor promptly filed the signed Petition Declaration on September 8, 2026. The order was entered solely for this now-cured procedural deficiency and dismissed the case without prejudice.

14. The Debtor acted promptly and in good faith by filing both required declarations

and completing the filing of its schedules and Statement of Financial Affairs. The administrative filing deficiency is now fully cured. Requiring a new bankruptcy filing would impose duplicative costs, create confusion concerning prior orders and scheduled proceedings, and provide no corresponding benefit to the estate or its creditors.

15. The Debtor intends to continue operating its business and to prosecute this Subchapter V case diligently. Vacating the Dismissal Order and reinstating this case will advance the orderly administration of the estate and the interests of creditors.

16. Local Rule 9014-1(d)(6) expressly permits the Court to grant a motion for reconsideration under Federal Rule of Bankruptcy Procedure 9024 without further notice or hearing. Because the identified deficiency has been cured and pending case events are imminent, the Debtor respectfully requests prompt entry of the proposed order attached as Exhibit A.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order: (i) vacating the Dismissal Order [Dkt. No. 58]; (ii) reinstating this case as a pending chapter 11 case under Subchapter V; (iii) accepting the Declaration for Electronic Filing at Docket No. 62 and deeming the filing deficiency cured; (iv) providing that the automatic stay under 11 U.S.C. § 362(a) is in effect prospectively upon entry of the reinstatement order, without determining whether the stay applied between dismissal and reinstatement; (v) directing the Clerk to restore this case to active status; and (vi) granting such other and further relief as the Court deems just and proper.

Dated: September 8, 2026.

**TITTLE SANTIAGO, PLLC**

*/s/ Manolo R. Santiago*
Manolo R. Santiago
Texas Bar No. 24129258

Email: msantiago@tittlesantiago.com
Brandon J. Tittle
Texas Bar No. 24090436
Email: btittle@tittlesantiago.com
1125 Legacy Dr., Ste. 230
Frisco, Texas 75034
Telephone: 972.213.2316 / 863.303.7140
**PROPOSED COUNSEL FOR DEBTOR AND DEBTOR-IN-POSSESSION**

## CERTIFICATE OF CONFERENCE

Counsel for Double D Solutions and Development, LLC certifies that, on September 8, 2026, counsel made a good-faith effort to confer with Michael J. O'Connor, the Subchapter V Trustee, and counsel for the United States Trustee regarding the Debtor's Motion to Vacate Order of Dismissal and Reinstate Chapter 11 Case. The Subchapter V Trustee advised that he does not oppose the Motion. Counsel for the United States Trustee advised that the United States Trustee will determine its position after reviewing the filed Motion. Accordingly, solely for filing and scheduling purposes, the Debtor designates the Motion as opposed as to the United States Trustee unless and until the United States Trustee advises otherwise.

*/s/ Manolo Santiago*
Manolo Santiago

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Debtor's Motion to Extend Time to File Schedules was served upon the US Trustee and to the parties listed on the service list below either via electronic notice by the court's ECF noticing system and by United States First Class Mail Postage Prepaid, on September 8, 2026.

**Debtor**
Double D Solutions and Development, LLC
PO Box 1788
Whitney, TX 76692

**US Trustee**
Office of The United States Trustee
615 E. Houston Street, Suite 533
San Antonio, TX 78205

**Subchapter V Trustee**
Michael James O'Connor
The Spectrum Building
613 NW Loop 410, Suite 840
San Antonio, TX 78216T

*/s/ Manolo Santiago*
Manolo Santiago

# EXHIBIT A

# PROPOSED ORDER

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 26-60765-mmp-11** |
| **DOUBLE D SOLUTIONS AND** | § | |
| **DEVELOPMENT, LLC** | § | |
| | § | **Chapter 11, Subchapter V** |
| **Debtor** | § | |

**ORDER GRANTING DEBTOR'S MOTION TO VACATE DISMISSAL ORDER AND REINSTATE CHAPTER 11 CASE**

CAME ON FOR CONSIDERATION the Debtor's Motion to Vacate Dismissal Order and Reinstate Chapter 11 Case Pursuant to Federal Rule of Bankruptcy Procedure 9024 (the "Motion") filed by Double D Solutions and Development, LLC, debtor and debtor in possession (the "Debtor"). The Court finds that the Petition Declaration has been filed, that the filing deficiency leading to dismissal has been cured, and that the requested relief is appropriate. It is therefore

**ORDERED that:**

1. The Motion is GRANTED.

2. The Order Dismissing Case for Failure to File the Declaration for Electronic Filing entered September 8, 2026 [Docket No. 58] is VACATED.

3. This Chapter 11 case is REINSTATED under Subchapter V, effective upon entry of this Order.

4. The Declaration for Electronic Filing filed at Docket No. 62 is accepted, and the filing deficiency identified in the Dismissal Order is deemed cured.

5. The automatic stay under 11 U.S.C. § 362(a) is in effect prospectively as of entry of this Order. Nothing in this Order determines whether the automatic stay applied during the period between entry of the Dismissal Order and entry of this Order.

6. The Clerk is directed to restore this case to active status.

7. Nothing in this Order determines the validity or effect of acts taken, deadlines that expired, or proceedings occurring during the period between dismissal and reinstatement. The Court may address any remaining scheduling, deadline, or administrative issues by separate order or at a subsequent hearing.

# # #

**Submitted by:**
**TITTLE SANTIAGO, PLLC**
*By: /s/ Manolo R. Santiago*
Manolo R. Santiago
Texas Bar No. 24129258
Brandon J. Tittle
Texas Bar No. 24090436
1125 Legacy Drive, Suite 230
Frisco, Texas 75034
Telephone: 972.213.2316 / 863.303.7140
Email: msantiago@tittlesantiago.com
Email: btittle@tittlesantiago.com