Manolo R. Santiago
Texas Bar No. 24129258
Email: msantiago@tittlesantiago.com
Brandon J. Tittle
Texas Bar No. 24090436
Email: btittle@tittlesantiago.com
**TITTLE SANTIAGO, PLLC**
1125 Legacy Dr., Ste. 230
Frisco, Texas 75034
Telephone: 972.213.2316 / 863.303.7140
**PROPOSED COUNSEL FOR DEBTOR**
**AND DEBTOR-IN-POSSESSION**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 26-60765-mmp-11** |
| **DOUBLE D SOLUTIONS AND** | § | |
| **DEVELOPMENT, LLC** | § | |
| | § | **Chapter 11, Subchapter V** |
| **Debtor** | § | |

# DEBTOR'S EMERGENCY MOTION FOR EXPEDITED HEARING ON MOTION TO VACATE DISMISSAL ORDER AND REINSTATE CHAPTER 11 CASE

**EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 5:00 P.M. CENTRAL TIME ON SEPTEMBER 14, 2026.**

**IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE BEFORE THE DATE AND TIME STATED ABOVE. OTHERWISE, THE COURT MAY TREAT THIS MOTION AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**TO THE HONORABLE MICHAEL M. PARKER,**
**CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Double D Solutions and Development, LLC (the "Debtor") requests that the Court advance the hearing on its pending motion to reinstate this case from September 29, 2026, to September 15, 2026, at 1:45 p.m. Central Time, or the earliest available setting before September 29. The requested September 15 setting is subject to Court approval. In support, the Debtor respectfully states:

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The procedural bases for this Motion are Federal Rules of Bankruptcy Procedure 9006(c)(1), 9006(d), and 9014, and Local Rule 9014-1(d)(4) and (e).

## BACKGROUND AND EXISTING HEARING SETTINGS

2. The Debtor filed this chapter 11 case on August 7, 2026, and elected to proceed under Subchapter V. [Dkt. No. 1]. Michael J. O'Connor was appointed Subchapter V Trustee. [Dkt. No. 16].

3. The Court entered its Order Dismissing Case for Failure to File the Declaration for Electronic Filing on September 8, 2026. The order was dated September 4, 2026, and dismissed the case without prejudice. [Dkt. No. 58] (the "Dismissal Order").

4. On September 8, 2026, the Debtor filed the Declaration for Electronic Filing of Bankruptcy Petition and Master Mailing List (the "Petition Declaration") at Docket No. 62. The Debtor also filed its Statement of Financial Affairs, schedules, and corresponding declaration at Docket Nos. 60, 61, and 63. The declaration-filing omission identified in the Dismissal Order has been addressed.

5. Also on September 8, 2026, the Debtor filed the Debtor's Motion to Vacate Dismissal Order and Reinstate Chapter 11 Case Pursuant to Federal Rule of Bankruptcy Procedure 9024 [Dkt. No. 64] (the "Reinstatement Motion"). The Reinstatement Motion explains that the Petition Declaration had been physically signed on August 7, 2026, and that counsel believed it had been filed with the petition. The Court set the Reinstatement Motion for September 29, 2026, at 1:30 p.m. [Dkt. No. 65].

6. The docket separately lists the final hearing on the Debtor's cash-collateral motion [Dkt. No. 8] for September 15, 2026, at 1:45 p.m. in Waco Bankruptcy Courtroom 1. That setting was announced on August 12, 2026, and remains listed on the September 14 docket. Thus, the reinstatement hearing is set two weeks after the pending final cash-collateral hearing.

## GOOD CAUSE FOR AN EXPEDITED HEARING

7. The Debtor's construction and remodeling business depends on funding payroll, completing customer projects, and collecting receivables, as described in its first-day request. [Dkt. No. 9, ¶¶ 3, 6]. Continued dismissal disrupts the orderly administration of those operating issues and exposes the Debtor to collection activity. Section 362(c)(2)(B) provides for termination of the stay upon dismissal as to the acts addressed by that subsection. The docket also reflects earlier proceedings concerning prepetition citation restraints and access to funds. [Dkt. Nos. 12, 32].

8. Prompt consideration will allow the Court to decide whether this case should be reinstated before addressing the pending request for final cash-collateral relief. Waiting until September 29 prolongs the interruption of the reorganization after the declaration was filed and may require duplicative proceedings concerning the Debtor's operations.

9. The Reinstatement Motion sought prompt consideration under Local Rule 9014-1(d)(6). Following the Court's setting of that motion for September 29, the Debtor requests this separate expedited setting under Local Rule 9014-1(e). Bankruptcy Rule 9006(c)(1) permits the Court, for cause, to reduce applicable periods, subject to the exceptions in Rule 9006(c)(2); Rule 9006(d) permits the Court to set different service periods for a motion and response. Local Rule 9014-1(d)(4) permits the Court to rule on a motion to expedite without further notice or hearing.

10. The September 8 conference certificate on the Reinstatement Motion reports that

the Subchapter V Trustee did not oppose reinstatement and that the United States Trustee would determine its position after reviewing the filed motion. Those statements concern the Reinstatement Motion as of September 8. The conference certificate below addresses the separate request to expedite the hearing.

**REQUESTED SETTING AND NOTICE**

11. The Debtor requests entry of a scheduling order by 5:00 p.m. Central Time on September 14, 2026, advancing the Reinstatement Motion to September 15, 2026, at 1:45 p.m., to be taken up before the cash-collateral motion, if the Court permits. Alternatively, the Debtor requests the earliest available setting before September 29. The Debtor estimates twenty minutes for the reinstatement hearing, subject to the positions of affected parties.

12. The Debtor will promptly serve this Motion, the Reinstatement Motion and proposed reinstatement order, the expedited-hearing order, and notice of the new setting on the United States Trustee, the Subchapter V Trustee, all creditors, all parties requesting notice, and other affected parties. Notice will be provided through CM/ECF where effective, supplemented by email, facsimile, personal delivery, or other means reasonably calculated to provide immediate notice, with formal service as required by the applicable rules. The Debtor will file a certificate identifying recipients and methods of service before the hearing.

13. Because the requested setting is on shortened notice, the Debtor requests that responses be permitted through the commencement of the hearing, including oral objections. The Debtor also requests modification of the advance witness-list, exhibit-exchange, and exhibit-delivery deadlines under Local Rule 9014-1(g) and Docket No. 65 for this hearing only. The parties would provide those materials as soon as practicable after entry of the scheduling order and before the hearing, as directed by the Courtroom Deputy, with objections concerning notice

or preparation time reserved.

14. The proposed order reschedules only the Reinstatement Motion. The merits of reinstatement and the relief requested at Docket No. 64 would be determined by separate order. The Debtor requests no change to the September 29 status conference through this Motion.

**CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court grant this Motion; advance the hearing on the Reinstatement Motion as requested above; shorten notice and adjust the response and exhibit deadlines for that hearing; and grant such other relief as is just and proper.

Dated: September 14, 2026.

**TITTLE SANTIAGO, PLLC**

*/s/ Manolo R. Santiago*
Manolo R. Santiago
Texas Bar No. 24129258
Email: msantiago@tittlesantiago.com
Brandon J. Tittle
Texas Bar No. 24090436
Email: btittle@tittlesantiago.com
1125 Legacy Dr., Ste. 230
Frisco, Texas 75034
Telephone: 972.213.2316 / 863.303.7140
**PROPOSED COUNSEL FOR DEBTOR AND DEBTOR-IN-POSSESSION**

## CERTIFICATE OF CONFERENCE

Counsel for Double D Solutions and Development, LLC certifies that, on September 14, 2026, counsel made a good-faith effort to confer with counsel for the United States Trustee regarding the Debtor's Motion to Vacate Order of Dismissal and Reinstate Chapter 11 Case without avail. Accordingly, solely for filing and scheduling purposes, the Debtor designates the Motion as opposed as to the United States Trustee. With respect to Michael J. O'Connor, the Subchapter V Trustee, he advised on September 9, 2026, that he does not oppose the Motion.

*/s/ Manolo Santiago*
Manolo Santiago

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Debtor's Motion for Expedited Hearing was served upon the US Trustee and to the parties listed on the service list below either via electronic notice by the court's ECF noticing system and by United States First Class Mail Postage Prepaid, on September 14, 2026.

**Debtor**
Double D Solutions and Development, LLC
PO Box 1788
Whitney, TX 76692

**US Trustee**
Office of The United States Trustee
615 E. Houston Street, Suite 533
San Antonio, TX 78205

**Subchapter V Trustee**
Michael James O'Connor
The Spectrum Building
613 NW Loop 410, Suite 840
San Antonio, TX 78216T

*/s/ Manolo Santiago*
Manolo Santiago

# EXHIBIT A

# PROPOSED ORDER

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 26-60765-mmp-11** |
| **DOUBLE D SOLUTIONS AND** | § | |
| **DEVELOPMENT, LLC** | § | **Chapter 11, Subchapter V** |
| | § | |
| **Debtor.** | § | |

**ORDER GRANTING EXPEDITED HEARING ON**
**MOTION TO VACATE DISMISSAL ORDER**
**AND REINSTATE CHAPTER 11 CASE**
**[Related to Docket Nos. 64 and 65]**

On this date came on for consideration the Debtor's Emergency Motion for Expedited Hearing on Motion to Vacate Dismissal Order and Reinstate Chapter 11 Case (the "Expedited Motion"). The Court finds that good cause exists to expedite the hearing and adjust the related deadlines under Federal Rule of Bankruptcy Procedure 9006 and Local Rule 9014-1(e).

**IT IS THEREFORE ORDERED that:**

1. The Expedited Motion is GRANTED as provided in this Order.

2. The hearing on the Debtor's Motion to Vacate Dismissal Order and Reinstate Chapter 11 Case Pursuant to Federal Rule of Bankruptcy Procedure 9024, filed September 8, 2026 [Dkt. No. 64] (the "Reinstatement Motion"), is advanced from September 29, 2026, at 1:30 p.m.

to September 15, 2026, at 1:45 p.m. Central Time, in Waco Bankruptcy Courtroom 1, to be considered before the cash-collateral motion [Dkt. No. 8].

3. The September 29 setting in Docket No. 65 is superseded only as to the Reinstatement Motion. The status-conference setting under Docket No. 19 is unchanged. Remote participation is permitted only as authorized by the Court; the hearing notice must include the courtroom and any authorized remote-access information supplied by the Courtroom Deputy.

4. Notice periods for the Reinstatement Motion are shortened to permit this setting. The Debtor shall immediately serve this Order, a notice of the expedited hearing, the Expedited Motion, and the Reinstatement Motion with its proposed order on the United States Trustee, the Subchapter V Trustee, all creditors, all parties requesting notice, and other affected parties. The Debtor shall use CM/ECF where effective and supplement notice by email, facsimile, personal delivery, or other means reasonably calculated to provide immediate notice, with formal service as required by the applicable rules.

5. Any response to the Reinstatement Motion may be filed and served through commencement of the hearing. Parties may also present oral objections at the hearing. Objections concerning the adequacy of notice or time to prepare are reserved.

6. For this reinstatement hearing only, the advance witness-list, exhibit-exchange, and exhibit-delivery deadlines under Local Rule 9014-1(g) and Docket No. 65 are modified. The parties shall provide their witness and exhibit lists and exhibits as soon as practicable after entry of this Order and before the hearing, by the means directed by the Courtroom Deputy.

7. The Debtor shall file a certificate of notice identifying the persons and entities served and the service methods within seven days after service and, in all events, before the date and time of the expedited hearing.

8. This Order governs scheduling and notice only. It does not vacate dismissal, reinstate the case, impose a stay, or authorize use of cash collateral. The merits of the Reinstatement Motion are reserved for separate determination.

###

Submitted by:
**TITTLE SANTIAGO, PLLC**
/s/ Manolo R. Santiago
Manolo R. Santiago
Texas Bar No. 24129258
Email: msantiago@tittlesantiago.com
Brandon J. Tittle
Texas Bar No. 24090436
Email: btittle@tittlesantiago.com
1125 Legacy Dr., Ste. 230
Frisco, Texas 75034
Telephone: 972.213.2316 / 863.303.7140