**Manolo R. Santiago**
Texas Bar No. 24129258
msantiago@tittlesantiago.com
**Brandon J. Tittle**
Texas Bar No. 24090436
btittle@tittlesantiago.com
**TITTLE SANTIAGO, PLLC**
1125 Legacy Dr., Ste. 230
Frisco, Texas 75034
972.213.2316

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **DOUBLE D SOLUTIONS AND DEVELOPMENT, LLC,** | § | **Case No. 26-60765-mmp** |
| | § | |
| | § | **Chapter 11 (Subchapter V)** |
| **Debtor.** | § | |

# SUBCHAPTER V DEBTOR'S PLAN DATED NOVEMBER 5, 2026

Double D Solutions and Development, LLC (the "Debtor") proposes this Plan under sections 1189, 1190, and 1191 of the Bankruptcy Code. Creditors and Interest Holders should review the entire Plan and its exhibits before voting and consult their own counsel concerning their rights and treatment.

## NONSTANDARD PROVISIONS

*[X] This Plan contains nonstandard provisions in Article 6.*

## SUMMARY OF THE PLAN AND DISTRIBUTIONS TO CREDITORS

The Debtor will continue its construction and custom-woodwork business. Class 1 contains the secured tax Claims of Hill County and Whitney ISD, payable in full with 12% interest. TFNB (Class 2) will be paid at 8% using a ten-year amortization, with a balloon due in Month 60 funded by refinancing or, alternatively, sale of the real property. Ally Bank and Chase Auto Finance (Classes 3 and 4) will receive $30,000 and $15,000, respectively, over sixty months at 7.75%. SBA (Class 5) will receive $234,236.03 over sixty months at 3.75%, with its proposed $239,172.94 deficiency in Class 6.

Class 6 receives Pro Rata distributions of all positive monthly Available Net Cash after operating costs, secured Plan payments, administrative payments, and the Capital Expenditures / Vehicle and Tool Replacement Reserve authorized in section 6.10. The reserve is budgeted at $1,500 monthly beginning in Month 14. No fixed monthly unsecured payment or recovery cap is imposed. Class 7 retains existing membership Interests without salary or ownership distributions. Administrative Claims and unsecured Priority Tax Claims receive the separate treatment in section 2.1. The Debtor seeks confirmation under section 1191(a), or alternatively under section 1191(b).

# ARTICLE 1
# RELEVANT BACKGROUND AND FINANCIAL INFORMATION FOR DEBTOR

*[X] This Article is affected by the nonstandard provisions identified in Article 6. See sections 6.3, 6.6, and 6.9-6.12.*

## 1.1 Nature of the Debtor's Business.

The Debtor is a Texas limited liability company providing alteration and remodeling construction services, including custom woodwork and molding, to commercial, private, and municipal customers. Operations depend on completing projects, purchasing materials, retaining skilled employees, and collecting receivables.

## 1.2 History of Business Operations of the Debtor.

The Debtor was formed on July 17, 2018. Its business address is 123 Country Rd 2134, Whitney, TX 76692. Its mailing address remains P.O. Box 1788, Whitney, Texas 76692. The Debtor continues to employ sixteen employees, without a change in workforce count.

## 1.3 Legal Structure and Ownership.

Thomas Dwayne Pavelka and Rodolfo Elizondo each own 50% of the Debtor. Mr. Pavelka serves as Director and Mr. Elizondo as Managing Partner. The Debtor is an LLC taxed as a partnership. Management, compensation, and ownership treatment are stated in sections 2.7 and 2.2(D).

## 1.4 Events Leading to the Filing of the Bankruptcy Case.

Slow-paying and delinquent customer accounts constrained liquidity. Collection proceedings, including matters involving G and G Funding Group LLC and Ocean Funding Corp., further impaired the Debtor's ability to meet obligations. The Debtor filed this case to preserve its business and workforce, collect receivables, and restructure its indebtedness.

## 1.5 Filing of the Debtor's Chapter 11 Case.

The Debtor filed this case on August 7, 2026 [Dkt. 1]. Its Statement of Financial Affairs and schedules were filed September 8, 2026 [Dkts. 60 and 61]. Michael James O'Connor is the Subchapter V Trustee. The September 8 dismissal for a missing filing declaration was vacated by the September 16 reinstatement order [Dkt. 75]. Counsel's employment was approved September 16 [Dkt. 76]. The status conference occurred September 29; the creditors' meeting concluded September 30. The Final Cash Collateral Order was entered October 5, 2026 [Dkt. 89]. The August and September operating reports are at Dkts. 84 and 94.

Prepetition fees and expenses of Tittle Santiago, PLLC were $24,823.00, reduced by $4,823.00 to $20,000.00. Counsel received $20,000.00 on October 13, 2025. The unpaid prepetition balance is $0.00, and counsel has received no payment after this case was filed. The reported presently allowed unpaid administrative attorney-fee balance is $0.00. Additional postpetition fees and expenses are estimated at $80,000.00, subject to application and allowance; this estimate is not an existing fee award.

Trustee fees are funded by monthly $1,500.00 deposits into the Trustee's IOLTA account. The Debtor has deposited $4,500.00. Against an estimated total Trustee cost of $9,000.00, Exhibit B includes three additional $1,500.00 deposits. Escrow funding is credited toward allowed compensation and is not a fee allowance or limitation on the Trustee's statutory service.

**1.6 Liquidation Analysis.**

Exhibit A allocates the scheduled asset value of $899,733.72 once among Class 1 taxes ($7,278.86), TFNB ($613,218.83), Ally ($30,000.00), Chase Auto ($15,000.00), and SBA ($234,236.03). On the stated valuation and lien assumptions, the scheduled assets leave no residual for general unsecured Claims before liquidation costs. The Court must determine the applicable Effective-Date comparison under section 1129(a)(7); net recoveries on retained Causes of Action are separately preserved.

**1.7 Feasibility Analysis.**

Exhibit B begins with the February-July 2026 amended financial statements and August 7-31 operating report. August receipts and retained expenses are divided by 25 days and multiplied by 31, then averaged with the six prior months. The forecast applies the revised operating assumptions shown in Exhibit B: $145,000 monthly receipts; $125,580.89 monthly operating expenses in Months 1-13; and $130,528.23 in Months 14-60. Historical debt/financing and vehicle/equipment expenses are excluded; Plan installments and the replacement reserve are separately stated.

Projected Class 6 distributions are $109.47 monthly in Months 1-13, $162.13 in Months 14-53, $161.78 in Month 54, $337.23 in Months 55-59, and $0 from operations in Month 60, totaling $9,756.24 before additional recoveries or released reserve funds. The reserve allocation is $1,500 monthly in Months 14-60. Exhibit B includes the entire $374,370.74 TFNB final payment and shows a $366,593.51 Month 60 funding requirement before verified opening cash or refinancing/sale proceeds. The refinancing-or-sale provisions of section 2.5 address that maturity. Actual Available Net Cash and any greater required statutory commitment control under sections 2.2(C) and 6.10.

**1.8 Avoidable Transfers.**

The Debtor anticipates completing its investigation of potentially avoidable transfers within thirty days after the Confirmation Date. The Causes of Action identified in Exhibit D and section 6.9 are retained. This investigation target is not a claim-filing deadline, release, or extension of any limitation period or existing challenge deadline. Any additional reservation needed for confirmation must be disclosed before confirmation with appropriate notice. No avoidance recovery is assumed in Exhibit B.

# ARTICLE 2
# THE PLAN

*[X] This Article is affected by the nonstandard provisions identified in Article 6. See sections 6.1-6.8, 6.10, 6.12, and 6.13.*

Plan payments will be funded from continued operations, collections, and the refinancing or sale described in section 2.5. Each Claim is treated according to its Allowed amount and legal character. No debt, payment credit, collateral value, or recovery may be counted twice.

## Voting and Confirmation

Classes 1 through 7 are impaired and entitled to vote, subject to allowance and applicable law. Hill County and Whitney ISD vote within one Class 1; their ballots are tabulated together for that Class. Each retains its own Claim, lien, and payment ledger. A class of Claims accepts when at least two-thirds in amount and more than one-half in number of Allowed Claims actually voting accept. A class of Interests accepts when at least two-thirds in amount actually voting accept. Unimpaired classes are deemed to accept; classes receiving or retaining nothing may be deemed to reject. Temporary allowance is governed by Bankruptcy Rule 3018.

The Court-approved notice establishes voting and objection deadlines. Ballots shall be delivered as directed in that notice to Tittle Santiago, PLLC, 1125 Legacy Dr., Ste. 230, Frisco, Texas 75034, Attn: Manolo R. Santiago. The Debtor requests section 1191(a) confirmation if its requirements are met, or section 1191(b) confirmation if necessary. Neither equity acceptance nor the secured tax Class alone is relied upon to satisfy section 1129(a)(10). Cash-collateral consent is not Plan acceptance.

## 2.1 Unclassified Claims.

Allowed Administrative Claims and unsecured Priority Tax Claims receive the treatment below and do not vote as classified Claims. The secured ad valorem tax Claims are in Class 1, not in this section.

## A. Administrative Expenses

Allowed Administrative Claims shall be paid in full on the Effective Date, or when due after later allowance, unless the Holder agrees to different treatment or deferred payment is authorized under section 1191(e). Professional compensation requires Court approval. Ordinary-course postpetition liabilities remain payable when due.

| Administrative Claim | Estimate / credit | Proposed treatment |
|---|---|---|
| Tittle Santiago, PLLC | Postpetition estimate: $80,000.00; presently allowed unpaid balance reported: $0.00 | After allowance: $5,000 monthly in Months 1-3; $6,500 monthly in Months 4-13; $80,000 total. Subject to the consent/approval terms below. |

| Administrative Claim | Estimate / credit | Proposed treatment |
|---|---|---|
| Subchapter V Trustee - Michael James O'Connor | Total estimate: $9,000.00; escrowed: $4,500.00; remaining: $4,500.00 | Three additional monthly escrow deposits of $1,500.00 in Months 1-3; funds applied only to allowed compensation. |
| E & E Acquisitions, LLC d/b/a Central Hardwoods | $8,240.87 asserted under section 503(b)(9) | Full payment on the Effective Date if Allowed and due; otherwise maintain a reserve pending allowance, absent an approved agreement. |
| Administrative taxes | $0.00 | No presently identified amount; any subsequently Allowed obligation receives statutory treatment. |
| Other Court-employed professionals | $0.00 | No additional professional Claim is presently identified. |
| Total identified estimates | $97,240.87 gross; less $4,500.00 Trustee escrow; $92,740.87 remaining | Includes the disputed/asserted Central Hardwoods amount; estimates are not fee or claim allowances. |

The counsel-fee schedule is $5,000.00 per month in Plan Months 1-3, followed by $6,500.00 per month in Plan Months 4-13, totaling $80,000.00 over thirteen months. No further installment for that estimate is scheduled after Month 13. The Allowed amount, less applicable credits, controls; any adjustment requires conformity with the allowance and Confirmation Orders. Funding may be reserved pending allowance, and no distribution of unapproved compensation is authorized. Deferred treatment requires counsel's express agreement for section 1191(a) confirmation or Court authorization under section 1191(e) for section 1191(b) confirmation. Without applicable consent or authorization, the statutory payment requirement controls.

Applications for professional compensation for services through the Effective Date shall be filed within thirty days after the Effective Date, unless otherwise ordered; later services and the Trustee's applicable final-report procedure are not barred by this provision. All prior payments and escrow deposits shall be credited. The three-month Trustee funding estimate does not terminate the Trustee's duties or cap compensation; additional Allowed fees shall be funded as the Court orders. Statutory fees and taxes shall be paid when due. No governmental administrative request is required where section 503(b)(1)(D) dispenses with it.

## B. Priority Tax Claims

The following unsecured Priority Tax Claims shall be paid in full in Cash on the Effective Date, or when due after later allowance, with interest and charges only to the extent legally payable. Any different agreed or ordered installment treatment must comply with sections 1129(a)(9)(C) and 511, with no payment later than August 7, 2031 unless legally permitted and agreed by the affected Holder.

| Taxing authority | Amount | Tax period | Treatment |
|---|---|---|---|
| Texas Workforce Commission | $598.73 | Second quarter 2026 (2Q26) | Claim 4; full Allowed amount on Effective Date. |

| Taxing authority | Amount | Tax period | Treatment |
|---|---|---|---|
| Texas Comptroller of Public Accounts | $1,012.88 | 2025 | Scheduled priority Claim; full Allowed amount on Effective Date, subject to allowance and credits. |
| Total | $1,611.61 | | No duplication of current operating taxes. |

## 2.2 Classes of Claims and Equity Interests.

### A. Classes of Secured Claims

Classes 1-5 contain the Allowed Secured Claims described below. None is an insider Claim. Each Class is impaired. The payment terms are subject to claim allowance, proper collateral valuation, any effective section 1111(b) election, and the Confirmation Order.

| Class / creditor | Collateral and proposed secured amount | Rate / payment treatment |
|---|---|---|
| 1 - Hill County and Whitney ISD | Co-equal statutory tax liens on the same real property; $7,278.86 aggregate | 12%; full payment by August 7, 2031. One voting Class, separate payments to each taxing authority. |
| 2 - TFNB | Real property and collateral within the actual security grants; $613,218.83 | 8%; 120-month amortization; $7,440.04 in Months 1-59; $374,370.74 estimated Month 60 payoff. |
| 3 - Ally Bank | 2022 Dodge Ram 2500; $30,000.00 | 7.75%; sixty months; $604.71 regular installment. |
| 4 - Chase Auto Finance | 2015 Ford Super Duty; $15,000.00 | 7.75%; sixty months; $302.35 regular installment. |
| 5 - SBA | Business personal property after senior allocations; $234,236.03 | 3.75%; sixty months; $4,287.44 regular installment; $239,172.94 proposed deficiency in Class 6. |

### Class 1 - Secured Ad Valorem Tax Claims

Class 1 consists of the Allowed Secured Claim of the County of Hill, Texas, collecting for itself and Hill College (Claim 1, $2,623.13), and the Allowed Secured Claim of Whitney Independent School District (Claim 2, $4,655.73). Both concern 2026 ad valorem taxes on Lake Whitney Shopping Center, Lots 4-10, tax account 128725, at the real property identified in Exhibit A. They are substantially similar co-equal statutory tax-lien Claims against the same property and are placed in one Class. They remain separate obligations and receive the same treatment.

Each Claim shall be paid in full with 12% annual interest on its Allowed unpaid balance, in regular monthly installments beginning on the Payment Commencement Date and ending no later than August 7, 2031. The number and amount of installments shall be fixed using the actual payment dates and Allowed opening balances; a delayed Effective Date does not extend the outside date. Exhibit B uses a 54-installment schedule: $63.10 to Hill County and $112.00 to Whitney ISD in installments 1-

53, followed by balance-adjusted installments estimated at $63.38 and $112.07. These figures must be conformed to the actual dates, accruals, and credits before confirmation.

The taxing authorities retain their respective valid statutory liens and equal relative priority until payment in full. Their liens retain lawful priority over TFNB's real-property lien. Lawful pre-Effective-Date interest is included only once, and future operating taxes shall be paid separately when due. No penalty or accrual is created where otherwise unauthorized. Section 511 and applicable nonbankruptcy law govern any disputed interest issue. Payments to each Holder shall be separately recorded, but ballots are tabulated as one Class 1.

**Class 2 - The First National Bank of McGregor (TFNB)**

Class 2 consists of TFNB's Allowed Secured Claim, estimated at $613,218.83 from Claim 10, subject to payment credits and legally allowable adjustments. TFNB shall be paid in full at fixed annual interest of 8%, based on a 120-month amortization and maturity at the sixtieth monthly payment. Months 1-59 are estimated at $7,440.04 each. The Month 60 payment is estimated at $374,370.74, including the ordinary installment and an additional balloon component of $366,930.70; the amounts shall not be added twice.

The Debtor shall diligently pursue refinancing sufficiently before Month 60 to pay the remaining Class 2 balance in full by maturity. If timely refinancing is unavailable, the Debtor shall market and sell the real property at 123 Country Rd 2134, Whitney, TX 76692, also identified in the lien documents as 123 HCR 2134 and legally described as Lake Whitney Shopping Center, Lots 4-10. Net proceeds, after authorized selling costs and valid senior liens, shall be applied to the remaining Class 2 balance. The Debtor shall comply with section 2.5, seek any required Court approval, continue installments until payoff, and remain responsible for any shortfall. Neither refinancing efforts nor a pending sale extends maturity.

TFNB retains its valid, enforceable liens within the operative security grants, including the real property, accounts, equipment, and covered proceeds, subject to the lawful senior tax liens. No claim-face description enlarges the collateral grant or establishes deposit-account control. TFNB shall provide customary releases upon full satisfaction of the restructured Allowed obligation. Reasonable insurance and collateral-maintenance obligations continue. The $4,800 cash-collateral loan-payment budget is superseded, not added, when Plan debt service begins. Prepayment is permitted without a Plan premium.

**Class 3 - Ally Bank**

Class 3 consists of Ally Bank's Allowed Secured Claim on the 2022 Dodge Ram 2500, proposed at $30,000.00, paid at 7.75% over sixty months. Installments are estimated at $604.71 in Months 1-59 and $604.60 in Month 60. Based on scheduled debt of $31,264.44, the estimated $1,264.44 deficiency participates in Class 6, subject to allowance, credits, valuation, and any effective section 1111(b) election. Ally retains its valid vehicle lien until satisfaction under the Confirmation Order.

**Class 4 - Chase Auto Finance**

Class 4 consists of the vehicle-financing Claim scheduled as Chase Auto Finance, secured by the 2015 Ford Super Duty. The proposed secured amount of $15,000.00 shall be paid at 7.75% over sixty months, estimated at $302.35 in Months 1-59 and $302.65 in Month 60. Scheduled debt of $16,857.52 yields an estimated $1,857.52 Class 6 deficiency, subject to allowance, credits, valuation, and election. Claim 7 for $53,110.77 is a separate JPMorgan Chase credit-card Claim and is not this vehicle debt. The valid title lien remains until satisfaction under the Confirmation Order.

**Class 5 - U.S. Small Business Administration**

For proposed Plan treatment, SBA's total Claim is $473,408.97, allocated as $234,236.03 secured and $239,172.94 unsecured. The secured portion shall be paid at fixed annual interest of 3.75% over sixty months: $4,287.44 in Months 1-59 and a balance-adjusted final payment estimated at $4,287.29. The unsecured portion participates in Class 6 unless an effective section 1111(b) election requires different treatment.

The allocation in Exhibit A accounts for senior tax liens and other stated senior secured Claims. It remains subject to allowance and an appropriate valuation determination or approved agreement under section 506 and Bankruptcy Rule 3012. The proposed total does not authorize otherwise disallowed postpetition interest. SBA retains its valid lien in covered business personal property and identifiable proceeds until satisfaction under the Confirmation Order; no real-property lien is created by this Plan. Any change in the Allowed balance, valuation, or effective election shall be reflected in the confirmed payment schedule.

**B. Classes of Priority Unsecured Claims**

No separate Claim requiring classification under sections 507(a)(1), (4), (5), (6), or (7) is presently identified. Any such Claim subsequently determined to require treatment shall be addressed by amendment, agreement, or order consistent with section 1129(a)(9), with appropriate notice.

**C. Class 6 - General Unsecured Claims**

Class 6 includes all Allowed General Unsecured Claims, including the Allowed deficiencies of SBA, Ally, and Chase Auto, but excluding any portion treated as secured, administrative, or priority. A timely filed or deemed-filed Claim participates according to applicable law. Exhibit C identifies amounts, status, and anticipated distributions. An unresolved assertion of secured status is not eliminated merely by inclusion in an estimated unsecured pool.

| Class | Description | Impairment | Treatment |
|---|---|---|---|
| 6 | Allowed General Unsecured Claims | Impaired | Pro Rata share of positive Available Net Cash after required disbursements and the approved replacement reserve for sixty months; no fixed fund or cap. Sections 2.2(C) and 6.10 control. |

The estimated Class 6 pool is $1,357,353.68, including disputed amounts solely for distribution estimates. Exhibit B projects aggregate distributions of $9,756.24 from operating residuals, approximately 0.7188% of that estimated pool, before additional recoveries or released reserve funds.

This is an estimate, not a fixed minimum or cap. Actual distributions use Allowed Claims and the disputed-claim reserves in section 2.3. A scheduled dispute does not disallow a filed proof; a deficiency subject to an effective section 1111(b) election does not also participate in Class 6.

For each Plan Month, the Disbursing Agent shall distribute Pro Rata the positive Available Net Cash remaining after actual, reasonably necessary operating costs, required secured Plan installments, counsel installments, Trustee deposits or Allowed compensation, and other administrative or priority payments then due, together with the approved replacement-reserve allocation under section 6.10. The Class 6 payment itself is not deducted in calculating its amount. Payments shall follow monthly reconciliation and disputed-claim reserves. A reserve-funded purchase shall not be deducted again. There is no distribution from negative or unavailable cash, and no negative month automatically reduces a later distribution. Due obligations must be funded before distributions; the forecast does not excuse a required payment. Net retained recoveries and released reserve funds supplement Class 6 after valid liens and reasonable recovery costs, except as otherwise ordered. Sections 1129(a)(7), 1191(c), and the Confirmation Order control any greater required commitment.

### D. Class 7 - Equity Interests

| Class | Holders | Impairment | Treatment |
|---|---|---|---|
| 7 | Thomas Dwayne Pavelka - 50%<br>Rodolfo Elizondo - 50% | Impaired | Retain membership Interests. No salary, management compensation, ownership distribution, or tax distribution is provided during the sixty-month Plan term. |

Retention does not release guarantees or other nondebtor liability. No payment to an owner may be used to evade the Plan's creditor-payment or disposable-income requirements.

### 2.3 Claims Allowance Process.

Claims properly scheduled as undisputed, noncontingent, and liquidated are deemed filed under section 1111(a), subject to objection and applicable law. Other claimants must timely file a proof or obtain lawful relief. A proof supersedes the corresponding scheduled Claim under Bankruptcy Rule 3003(c)(5). The Debtor may object within sixty days after the Confirmation Date unless the Court extends or otherwise orders the deadline; later timely Claims and later amendments remain subject to a reasonable Court-approved objection period. Existing objections and timely-filed proceedings remain pending until resolved.

No distribution on a Disputed Claim shall be made until allowance or other order. The Disbursing Agent shall retain the distribution that would have been payable on the reserved amount, without withholding payment on any undisputed Allowed portion unless ordered. After resolution, withheld amounts shall be paid or redistributed in the next payment period. Estimation for voting or distribution may be sought under applicable law. Reserves do not become equity distributions.

### 2.4 Treatment of Executory Contracts and Unexpired Leases.

The Debtor represents that it has no executory contracts or unexpired leases requiring assumption, assignment, or rejection. Exhibit E therefore lists none, with no cure obligation. No agreement is

assumed or rejected by implication under this Plan. Any agreement later identified shall be addressed through a specifically noticed motion or Plan amendment and appropriate Court order; prior orders and applicable statutory deadlines remain controlling. Section 6.8 modifies the local form's blanket-rejection provision accordingly.

**2.5 Means for Implementation of the Plan.**

The Reorganized Debtor shall continue operations, collect receivables, pay operating expenses, and make Plan payments. As required by section 1190(2), future earnings or income necessary to execute the Plan are submitted to the Trustee's supervision and control to the extent required by law and the Confirmation Order. The payment and administrative estimates in Exhibit B govern cash planning, subject to actual allowances and orders.

The TFNB maturity strategy is refinancing first and sale of the real property if timely refinancing is unavailable. The Debtor expects the property value to exceed the projected Month 60 loan balance. The scheduled real-property value is $489,510.00, compared with the projected $374,370.74 Month 60 payment, a gross difference of $115,139.26 before selling costs, senior obligations, and market changes. No lender commitment or purchase contract is represented. The Debtor will support feasibility with competent valuation and marketability evidence, the projected payoff, estimated transaction costs and senior liens, and evidence addressing continued operations or relocation if a sale occurs.

By Plan Month 48, the Debtor shall provide TFNB and the Trustee with an updated property valuation, payoff forecast, and written refinancing/sale report. By Month 51 it shall document refinancing applications and communications. By Month 54, absent a funding arrangement reasonably sufficient to close by maturity, it shall engage a qualified broker and commence marketing, seeking any required approval of employment, sale procedures, and disposition of proceeds. The sale shall target closing by Month 59 and in all events provide payment no later than Month 60. Monthly progress reports shall continue after Month 48 until payoff. Section 6.7 governs a failure to meet these obligations. No milestone postpones maturity or automatically authorizes a transaction requiring Court approval.

The Debtor shall fund the Capital Expenditures / Vehicle and Tool Replacement Reserve in accordance with section 6.10 and distribute remaining positive Available Net Cash to Class 6. Reserve allocations are distinct from ordinary Repairs and from an unrestricted working-capital or TFNB maturity reserve. No reserve dollar is counted both as available for purchases and as a source of the balloon payment. Exhibit B assumes no refinancing or sale receipt. Restricted financing proceeds and lien-encumbered sale proceeds shall be applied only as authorized, with remaining proceeds treated under the Plan and applicable orders. No funds may be distributed to equity. Cash Collateral Orders govern until superseded by the effective Confirmation Order, with credits and surviving protections recognized.

**2.6 Payments by Disbursing Agent.**

If confirmed under section 1191(a), the Reorganized Debtor shall be the Disbursing Agent. If confirmed under section 1191(b), the Trustee shall make payments under section 1194(b) unless the

Court authorizes the Debtor to disburse for cause after notice and hearing. The Debtor requests that authority because direct payments through its operating accounting system, with separate creditor ledgers, bank reconciliation, and monthly Trustee reporting, avoid duplicative administration of six identified secured payees and one unsecured pool. This request shall be disclosed in the Appendix SubV-4 notice and supported by evidence. If authority is not granted, the Debtor shall timely fund the Trustee. Direct disbursement does not eliminate reporting or properly allowed Trustee compensation.

### 2.7 Post-Confirmation Management.

| Name | Position / ownership | Compensation |
|---|---|---|
| Thomas Dwayne Pavelka | Director; 50% membership Interest | $0 salary; $0 management compensation; no ownership or tax distributions during the Plan term. |
| Rodolfo Elizondo | Managing Partner; 50% membership Interest | Same treatment: no salary, management compensation, ownership distribution, or tax distribution. |

The existing members retain ownership and their disclosed governance roles. Their compensation is not added to employee payroll or Plan distributions. Any later proposed change requires disclosure and compliance with the Confirmation Order, applicable law, and creditor-payment obligations.

### 2.8 Tax Consequences of the Plan.

The Debtor is an LLC taxed as a partnership for federal income-tax purposes. Operating income, loss, and other tax items generally pass through to the members. Debt discharge may generate cancellation-of-debt income; under Internal Revenue Code section 108(d)(6), the applicable exclusion and attribute-reduction rules are applied at the partner level. The entity's bankruptcy does not, by itself, establish that each member qualifies for a bankruptcy or insolvency exclusion. A property sale may generate taxable gain or depreciation recapture. No ownership or tax distribution is authorized by the Plan.

Creditors may recognize interest income, gain, loss, or bad-debt consequences depending on their tax basis, accounting method, and the consideration received. No specific tax result or exclusion is assured. Creditors and Interest Holders should consult their own accountants, attorneys, and tax advisors regarding the Plan and any discharge or sale.

## ARTICLE 3
## DISCHARGE

*[X] This Article is affected by the nonstandard provisions identified in Article 6. See sections 6.2 and 6.11.*

### 3.1 Discharge upon Consensual Confirmation.

If confirmed under section 1191(a), the Debtor shall receive the discharge authorized by section 1141(d), subject to occurrence of the Effective Date, statutory exceptions, and the Confirmation Order. No discharge is granted if section 1141(d)(3) prohibits it.

**3.2 Discharge upon Nonconsensual Confirmation.**

If confirmed under section 1191(b), discharge is governed by section 1192 and shall be requested after completion of the payments required by that statute and the Confirmation Order. The proposed commitment period is sixty months beginning when the first payment is due. All applicable exceptions, including sections 1192(1) and 1192(2), are preserved. No nonconsensual discharge is granted at confirmation.

**3.3 Scope of Relief.**

Only lawfully discharged debts are subject to the discharge injunction. Retained liens and enforceable Plan obligations remain effective. No nondebtor guarantor, member, officer, affiliate, professional, or other nondebtor is released, and no nonconsensual third-party release or blanket exculpation is proposed.

## ARTICLE 4
## GENERAL PROVISIONS

*[X] This Article is affected by the nonstandard provisions identified in Article 6. See sections 6.6-6.13.*

**4.1 Vesting of Property of the Estate.**

Upon section 1191(a) confirmation, Estate property shall vest in the Reorganized Debtor on the Effective Date, subject to retained liens, Plan obligations, Class 7 Interests, and retained Causes of Action. Upon section 1191(b) confirmation, Estate property, including property and earnings acquired postpetition, remains governed by section 1186 and the Confirmation Order; the Debtor remains in possession except as otherwise ordered or provided by law.

**4.2 Binding Effect.**

The Plan binds the Debtor and parties to the extent provided by section 1141 and other applicable law, with adequate notice. The Bankruptcy Code and applicable rules control. The Confirmation Order controls over an inconsistent Plan provision; specific treatment in Article 2 and the corresponding Article 6 provisions controls over summaries and calculations. No payment schedule independently adjudicates lien validity or claim allowance.

**4.3 Severability.**

If a provision is unenforceable, remaining provisions continue to the extent lawful. A material economic change requires appropriate modification, notice, voting, and findings; severability does not authorize materially different treatment without those protections.

**4.4 Retention of Jurisdiction.**

To the extent permitted by law, the Court retains jurisdiction to implement and interpret the Plan; determine Claims, liens, valuation, fees, and administration; resolve contract and cure issues; adjudicate retained Causes of Action; consider modification under section 1193; enforce defaults and

remedies; and determine discharge and closing. This provision does not enlarge statutory or constitutional jurisdiction.

**4.5 Captions and Construction.**

Headings are for convenience. Sections 101 and 102 govern interpretation. References to Plan sections refer to this document; statutory references identify the Bankruptcy Code unless otherwise stated. Singular and plural include each other as appropriate, and the specific controls over the general.

## ARTICLE 5
## DEFINITIONS

*[X] This Article is affected by the nonstandard provisions identified in Article 6. See sections 6.1, 6.5, and 6.10.*

5.1 The definitions and rules of construction in sections 101 and 102 apply, supplemented by the following:

**"Administrative Claim" means** a Claim entitled to administrative priority under sections 503(b), 507(a)(2), 507(b), or other applicable law, including an Allowed Professional Fee Claim. An estimate or escrow deposit is not allowance.

**"Allowed" means** allowed by applicable law, Final Order, or approved agreement. A properly filed Claim is deemed allowed under section 502(a) unless objected to. A qualifying scheduled Claim is deemed filed under section 1111(a), subject to the claims process.

**"Bar Date" means** October 16, 2026 for nongovernmental prepetition proofs of claim, as reflected in Dkts. 18 and 78. The governmental deadline is February 3, 2027, 180 days after the August 7, 2026 order for relief, subject to a later applicable deadline or lawful extension. Separate administrative, fee, and rejection deadlines control those Claims; no unexpired statutory period is shortened.

**"Business Day" means** a day other than a Saturday, Sunday, or legal holiday under Bankruptcy Rule 9006(a).

**"Available Net Cash" means** positive cash available for Class 6 after the actual, reasonably necessary disbursements and approved replacement-reserve allocation described in sections 2.2(C) and 6.10. Restricted or borrowed funds dedicated to another purpose are not treated as operating receipts available for distribution.

**"Capital Expenditures / Vehicle and Tool Replacement Reserve" means** the separately accounted reserve authorized in section 6.10, budgeted at $1,500 per month in Plan Months 14-60 for reasonably necessary capital assets and vehicle or tool replacement, subject to the Confirmation Order, reconciliation, and release provisions.

**"Cash Collateral Orders" means** the orders actually entered concerning cash collateral, including Dkts. 30 and 89, as properly modified or extended.

**"Causes of Action" means** the rights specifically retained in section 6.9 and Exhibit D, subject to prior adjudication, release, standing, and applicable limitations.

**"Claim" means** a right to payment or qualifying equitable remedy within section 101(5).

**"Claims Objection Deadline" means** sixty days after the Confirmation Date unless extended or otherwise ordered, subject to section 2.3.

**"Class" means** one of Classes 1 through 7 in section 2.2. Hill County and Whitney ISD comprise one Class 1 for voting; their obligations and liens remain separate.

**"Confirmation Date / Confirmation Order" means** the date of entry of the order confirming the Plan, and that order, respectively.

**"Debtor / Reorganized Debtor" means** Double D Solutions and Development, LLC, before and after the Effective Date, respectively.

**"Deficiency Claim" means** the Allowed unsecured portion after a proper secured-claim determination, payment credits, and any effective section 1111(b) election.

**"Disbursing Agent" means** the Debtor under section 1191(a), or the Trustee under section 1191(b) unless the Court authorizes direct Debtor disbursements under section 2.6.

**"Disputed Claim" means** a Claim or portion subject to an unresolved proper objection, estimation, or proceeding concerning allowance, secured status, priority, or treatment. A scheduled dispute alone does not disallow a filed proof.

**"Disposable Income / Projected Disposable Income" means** the amount determined under sections 1191(c)-(d) and the Confirmation Order. Only expenditures or reserves found reasonably necessary for continuation, preservation, or operation of the business may be deducted as permitted by law. The Available Net Cash method in sections 2.2(C) and 6.10 does not limit any greater statutory commitment or applicable best-interests requirement.

**"Effective Date" means** the first Business Day on or after thirty days following entry of the Confirmation Order when the conditions in section 6.12 are satisfied, unless the Confirmation Order specifies another date. The Debtor shall file and serve notice of the Effective Date.

**"Equity Interest" means** a membership Interest in the Debtor, including the 50% Interests of Thomas Dwayne Pavelka and Rodolfo Elizondo.

**"Estate" means** the estate under section 541 and, when applicable, section 1186.

**"Final Order" means** an order not stayed, reversed, or vacated for which the applicable review period has expired or review has concluded, subject to lawful implementation before finality.

**"General Unsecured Claim" means** an Allowed Claim neither secured nor entitled to administrative or priority treatment, including an Allowed Deficiency Claim.

**"Lien / Secured Claim" means** a valid enforceable lien or permissible setoff and the Claim secured to the extent established under section 506, an effective section 1111(b) election, applicable law, or an approved agreement.

**"Payment Commencement Date / Plan Month" means** one calendar month after the Effective Date, followed by successive monthly anniversaries; use the last day if the corresponding date is absent. Section 6.1 governs Business-Day adjustments and maturity.

**"Petition Date" means** August 7, 2026.

**"Plan / Plan Year" means** this Plan and incorporated exhibits, as properly amended; Plan Years 1-5 are successive groups of twelve Plan Months.

**"Priority Tax Claim" means** an Allowed unsecured Claim entitled to section 507(a)(8) priority; not the secured tax Claims in Class 1.

**"Professional Fee Claim" means** a claim for compensation or expense reimbursement requiring allowance under applicable law and orders.

**"Pro Rata" means** an Allowed Class 6 Claim divided by the aggregate Class 6 Claims entitled to the distribution, accounting for required disputed-claim reserves.

**"Schedules" means** the filed schedules and Statement of Financial Affairs, as properly amended.

**"Trustee" means** Michael James O'Connor, or a duly appointed successor Subchapter V trustee.

**"Western District Procedures" means** Appendix L-1020.2-1, the applicable Western District local rules, mandatory Subchapter V forms, and case-specific orders.

## ARTICLE 6
## NONSTANDARD PROVISIONS

Each heading identifies the Plan sections supplemented or modified. These provisions are part of the Plan and preserve the applicable mandatory notice and approval requirements.

### 6.1 Payment Mechanics and Maturity (sections 2.1, 2.2, 2.5, and Article 5).

Plan interest accrues from the Effective Date at the stated annual rate divided by twelve on unpaid principal. Each final installment equals the remaining principal and accrued lawful interest, with cent-rounding adjustments. Payments and credits are applied once. A change in an Allowed opening balance requires recalculation at the confirmed rate and term. Monthly installments begin on the Payment Commencement Date. All sixty-month obligations mature by the fifth anniversary of the Effective Date; qualifying tax Claims remain subject to August 7, 2031. A non-Business-Day payment moves to the next Business Day unless that exceeds maturity or a statutory deadline, in which case it is due on the preceding Business Day. No prepayment premium is created.

### 6.2 Class 1 Tax Treatment and Lien Priority (section 2.2(A) and Article 3).

Hill County and Whitney ISD are in one Class because the Claims have co-equal statutory priority against the same property and receive identical 12% installment treatment. Separate payment ledgers do not create subclasses. Class 1 ballots are tabulated together. Each taxing authority retains its statutory lien and lawful priority until paid in full; neither lien is subordinated to TFNB by this Plan. The tax schedule must be fixed for the actual Effective Date and Allowed balances without extending

the August 7, 2031 outside date. No nondebtor tax liability is released, and no new setoff or recoupment right is granted.

**6.3 Valuation and Contested Secured Status (sections 1.6, 2.2(A), and 2.3).**

Before confirmation, the Debtor shall obtain necessary valuation determinations for the vehicles and SBA secured portion through a properly served Bankruptcy Rule 3012 motion, permitted claim objection, or approved agreement. A Chapter 11 Plan provision alone is not the valuation procedure. The governmental-claim timing rule and applicable service requirements, including service on the United States and insured depository institutions when required, shall be observed. Any lien-validity, priority, or extent dispute requiring an adversary proceeding under Rule 7001 shall be resolved in that proceeding.

The $234,236.03 SBA secured amount is the proposed allocation after the specified senior liens, not a determination of perfection or an adjudication of another creditor's rights. Unresolved secured assertions of Forward Financing, G and G Funding, or another creditor shall be resolved by agreement or proper proceedings, with amended treatment if necessary, before confirmation. No retained challenge revives an expired deadline or reopens an adjudicated issue.

**6.4 Section 1111(b) Elections (section 2.2 and Exhibits B-C).**

Unless otherwise ordered, an election under section 1111(b) must be made within twenty days after the Debtor's first proposed Plan is filed, as provided by section V.B of the Western District Procedures and Bankruptcy Rule 3014. The actual filing and applicable order determine the deadline. An amendment does not automatically restart the period, and this Plan does not deem an unexpired election waived.

For an effective election, the Holder shall retain its lien to the extent required by section 1129(b)(2)(A), receive aggregate deferred cash payments not less than its full Allowed elected Claim, and receive present value not less than the determined collateral value at the Court-approved discount rate. The elected deficiency shall not also participate in Class 6. Exhibit B reflects nonelection treatment; a timely effective election requires a conforming payment schedule, feasibility showing, and any necessary notice or resolicitation before confirmation. The Debtor preserves legally available objections to election eligibility without presuming inconsequential value.

**6.5 Claims and Reserves (section 2.3 and Exhibit C).**

The filed claims register, schedules, applicable deadlines, and allowance orders govern participation. A qualifying deemed-filed Claim is not excluded solely because no separate proof appears in the records reviewed. A proof and its scheduled counterpart are not added together. Required reserves shall remain in the Disbursing Agent's accounting pending resolution and shall not be distributed to equity. Material changes in the pool or recoveries require supplemental disclosure and any necessary resolicitation. The Plan does not deem a creditor to accept a reduction by silence.

**6.6 Local Confirmation and Modification Procedures (Articles 1-5).**

The Debtor shall use the required Appendix SubV-4 confirmation notice and applicable Appendix SubV-5 or SubV-6 confirmation order, with required attachments, service, and redlines. The notice shall disclose the request for Debtor disbursement under section 1191(b). The ballot summary, with ballots, shall be filed three business days before confirmation unless otherwise ordered under Local Rule 3018-1(b). A preconfirmation amended Plan shall be accompanied by the modification notice and redline required by section VII.D of the Western District Procedures. An updated Official Form B426 shall accompany the Plan when Bankruptcy Rule 2015.3 and section I.D.2 require it. A disclosure statement is required only if ordered.

**6.7 Administration, Default, and Reporting (sections 2.5-2.6 and Article 4).**

Upon nonconsensual confirmation, within fourteen days after entry of the Confirmation Order the Debtor shall provide the Disbursing Agent a list of Allowed Claims, account information, payment amounts and addresses, and a separate Disputed Claims list with anticipated resolution dates, and file the required service certificate. Account information shall be protected as required by privacy rules. The Disbursing Agent shall file the payment reports required by Appendix SubV-6, including the six-month reporting intervals. The Debtor shall provide monthly reporting to the Trustee and written notice of significant after-acquired property within thirty days, as required by section VIII.A.

For a required funding-payment default under a nonconsensual Plan, the Disbursing Agent shall provide notice to the Debtor and counsel with seven days to cure, followed by a filed default notice if uncured. Failure to meet a section 2.5 maturity-funding milestone is likewise a default upon written notice with seven days to cure or seek relief. Seeking relief does not extend a payment or maturity date. A creditor may seek enforcement, relief from stay, conversion, dismissal, or another lawful remedy after required notice. There is no automatic foreclosure, stay termination, or dismissal. The Confirmation Order shall provide the appropriate protections under section 1191(c)(3).

**6.8 No Executory Contracts (section 2.4 and Exhibit E).**

The Debtor represents that no executory contracts or unexpired leases require disposition under this Plan. No blanket rejection of an unidentified agreement is requested. Any later proposed disposition requires specific notice and Court approval; cure, adequate-assurance, rejection-claim, and statutory lease deadlines remain applicable. Any rejection bar date must be fixed in the applicable order with adequate notice.

**6.9 Retained Causes of Action (sections 1.8, 2.2(C), and 4.1; Exhibit D).**

Under section 1123(b)(3), the Reorganized Debtor retains and may enforce the specifically identified Causes of Action in Exhibit D, subject to prior orders, settlements, releases, and limitations. Recovery requires the appropriate proceeding and factual basis. The thirty-day investigation target does not enlarge statutory time limits, create a cause of action, or release an identified matter. Necessary additional transaction-specific disclosure shall be made before confirmation. Net recoveries are administered under section 2.2(C).

**6.10 Disposable Income, Replacement Reserve, and Equity Restrictions (sections 1.7, 2.2(C)-(D), 2.5, and Article 5).**

Class 6 receives all positive monthly Available Net Cash under section 2.2(C), without a fixed fund or recovery cap. Upon section 1191(b) confirmation, the Debtor commits all projected disposable income required for the sixty-month period, or the permitted value alternative under section 1191(c)(2)(B), as fixed by the Confirmation Order. Additional payments required by section 1129(a)(7), section 1191(c), or the Confirmation Order remain payable. A zero projected distribution does not excuse another obligation when due.

The Plan provides a Capital Expenditures / Vehicle and Tool Replacement Reserve of $1,500 per month in Months 14-60, a scheduled aggregate of $70,500. Funding is subject to confirmation approval and a showing that the amounts are reasonably necessary for the business. The reserve is solely for necessary capital expenditures and vehicle or tool replacement; it is not compensation, an equity distribution, a general discretionary reserve, or automatic balloon funding. The Month 60 contribution remains subject to the maturity-funding requirement shown in Exhibit B. No operating-funded deposit is presumed in a deficit month.

Reserve funds shall be separately identified in the Debtor's accounts and a dedicated ledger. Each purchase shall be supported by its business purpose, invoice or comparable evidence, and payment record. A purchase paid from the reserve is not a second deduction from Available Net Cash or the Repairs budget. Unused monthly allocations may carry forward only for documented reasonably necessary replacements. The Debtor shall provide the Trustee and Disbursing Agent monthly reports of deposits, expenditures, commitments, and the remaining balance.

At least quarterly, the Debtor shall review the reserve's remaining needs. Amounts no longer reasonably necessary, disallowed allocations, and excess funds shall be released to Class 6 in the next monthly reconciliation, subject to valid liens and Court orders. Within thirty days after Month 60, any unspent and uncommitted balance shall be distributed to Class 6; retention beyond that period for specifically documented commitments requires Court approval after notice. There shall be no release to equity. A material increase, diversion to loan maturity, or other change affecting distributions requires appropriate notice and approval. No additional working-capital or maturity reserve is created by this Plan.

No salary, management fee, ownership distribution, or tax distribution shall be paid to the two members during the Plan term. Cash released by completion of Trustee deposits or tax installments remains subject to Plan funding and the confirmed commitment, not discretionary distributions. The Trustee's compensation rights are not limited by the three-month cash forecast.

**6.11 Consummation, Discharge, and Closing (Articles 3-4).**

The Debtor shall file notice of substantial consummation within fourteen days after it occurs under section 1183(c)(2). Trustee final reports, compensation, discharge, payment-completion notices, and final-decree requests shall follow the applicable sections VIII.D or VIII.E of the Western District Procedures and the Confirmation Order. Closing does not extinguish an unpaid Plan obligation or expand a discharge or release.

**6.12 Conditions to the Effective Date (sections 2.5 and Article 5).**

The Effective Date requires entry of an unstayed Confirmation Order, satisfaction or lawful deferral of amounts then due, funding of required reserves, completion of implementation documents, and funds sufficient to begin performance. A creditor-protective condition may not be waived to materially alter its treatment without consent or further order. The Debtor shall promptly report a failure of a material condition and seek appropriate relief.

**6.13 Notices and Modification (Articles 2 and 4).**

Plan notices to the Debtor shall be sent to P.O. Box 1788, Whitney, Texas 76692, Attn: Thomas Dwayne Pavelka, with copies to Manolo R. Santiago and Brandon J. Tittle, Tittle Santiago, PLLC, 1125 Legacy Dr., Ste. 230, Frisco, Texas 75034; msantiago@tittlesantiago.com and btittle@tittlesantiago.com. Required service on other parties is not replaced by this provision. Amendment and modification are reserved only as permitted by section 1193, Bankruptcy Rule 3019, applicable local procedures, and Court orders.

Dated: November 5, 2026.

**DEBTOR**
DOUBLE D SOLUTIONS AND
DEVELOPMENT, LLC

By:/s/ Thomas Dwayne Pavelka
Thomas Dwayne Pavelka
Director / Authorized Representative

**COUNSEL**
TITTLE SANTIAGO, PLLC

By: /s/ Manolo R. Santiago
Manolo R. Santiago
Texas Bar No. 24129258
Brandon J. Tittle
Texas Bar No. 24090436
1125 Legacy Dr., Ste. 230
Frisco, Texas 75034
972.213.2316
msantiago@tittlesantiago.com
btittle@tittlesantiago.com

# EXHIBIT A
# LIQUIDATION ANALYSIS

The following analysis uses the filed Schedule A/B values without an unsupported liquidation discount or assumed appreciation. It assumes the stated tax, title, TFNB, and SBA liens are valid and enforceable in the collateral allocated below. These assumptions remain subject to the Court's valuation and lien determinations. The same asset value is applied only once.

| Scheduled asset | Value |
|---|---:|
| Cash and deposit accounts | $71,783.33 |
| Accounts receivable, net scheduled | $144,915.39 |
| 2022 Dodge Ram 2500 | $30,000.00 |
| 2015 Ford Super Duty | $15,000.00 |
| Other machinery, equipment, and vehicles | $148,525.00 |
| Real property: Lake Whitney Shopping Center, Lots 4-10 | $489,510.00 |
| TOTAL | $899,733.72 |

Real property: 123 Country Rd 2134, Whitney, TX 76692, also identified as 123 HCR 2134, tax account 128725. Source: schedules [Dkt. 61] and Claim 1 / Claim 2 property descriptions. Values are historical scheduled values; confirmation requires the applicable Effective-Date comparison.

## A. Real-property allocation

| Step | Amount |
|---|---:|
| Gross scheduled real-property value | $489,510.00 |
| Less Class 1: Hill County and Whitney ISD | ($7,278.86) |
| Real-property value available to TFNB | $482,231.14 |
| TFNB total Claim used | $613,218.83 |
| TFNB balance allocated to other covered collateral | $130,987.69 |

## B. Personal-property allocation

| Step | Amount |
|---|---:|
| Scheduled personal property, including vehicles | $410,223.72 |
| Less Ally vehicle value | ($30,000.00) |
| Less Chase Auto vehicle value | ($15,000.00) |
| Other scheduled business personal property | $365,223.72 |
| Less remaining TFNB allocation | ($130,987.69) |
| Value allocated to SBA secured treatment | $234,236.03 |
| Residual scheduled value after stated liens | $0.00 |

On these scheduled-value and lien assumptions, the $899,733.72 asset base is fully allocated to secured Claims before sale costs and Chapter 7 administration, leaving no projected residual for general unsecured creditors. This is not an adjudication of disputed liens or a zero valuation of retained Causes of Action. The confirmation comparison must include any net recoveries or increased realizable value. Exhibit B projects $9,756.24 in Class 6 distributions from operating residuals; additional net recoveries and released reserve funds are distributed under sections 2.2(C) and 6.10.

# EXHIBIT B

## SIXTY-MONTH CASH-FLOW PROJECTION

Monthly operating cash receipts are projected at $145,000. The expense baseline uses February-July 2026 actuals plus August 7-31 activity normalized by dividing by 25 and multiplying by 31, then averaging seven months. The operating adjustments below supersede the historical averages only where stated. Historical debt/financing and vehicle/equipment expense rows remain excluded; Plan payments and the replacement reserve are separately included.

| Monthly assumption | Months 1-13 | Months 14-60 |
|---|---:|---:|
| Operating cash receipts | $145,000.00 | $145,000.00 |
| Payroll Service | $300.00 | $455.92 |
| Insurance Expense | $3,554.60 | $3,754.60 |
| Materials & Supplies | $42,095.89 | $42,395.89 |
| Subcontractors / Contract Labor | $6,989.63 | $7,289.63 |
| Payroll Expenses (with taxes) | $65,000.00 | $67,200.00 |
| Utilities | $1,008.46 | $1,108.46 |
| Repairs | $3,000.00 | $4,691.42 |
| **Total operating expenses** | **$125,580.89** | **$130,528.23** |

Counsel installments remain $5,000 in Months 1-3 and $6,500 in Months 4-13 ($80,000 total), subject to allowance and approved deferral. Trustee funding is three additional $1,500 deposits, crediting $4,500 previously escrowed. The Class 1 tax model retains 54 installments at 12%; actual dates and balances must conform to the August 7, 2031 outside date.

# EXHIBIT B

## CASH ALLOCATION AND RESERVE

| Plan period | Class 6 / month | Replacement reserve / month | External funding need |
|---|---:|---:|---:|
| Months 1-13 | $109.47 | $0.00 | $0.00 |
| Months 14-53 | $162.13 | $1,500.00 | $0.00 |
| Month 54 | $161.78 | $1,500.00 | $0.00 |
| Months 55-59 | $337.23 | $1,500.00 | $0.00 |
| Month 60 | $0.00 | $1,500.00 | $366,593.51 |

Class 6 receives the positive residual after other required disbursements and the approved Capital Expenditures / Vehicle and Tool Replacement Reserve. Projected operating distributions total $9,756.24; this is not a fixed minimum or cap. Additional Available Net Cash, net retained recoveries, and reserve releases are governed by sections 2.2(C) and 6.10.

Reserve allocations total $70,500 across Months 14-60. They are a segregation of cash, not assumed purchases or a second Repairs charge. $69,000 is allocable from projected operations through Month 59; the Month 60 allocation requires maturity funding. Actual purchases, commitments and unused funds must be separately reconciled. The projection does not also count the reserve as funds available for the TFNB balloon.

Month 60 includes the entire $374,370.74 TFNB final payment once. Without opening cash or refinancing/sale receipts, Month 60 shows a $366,593.51 funding requirement, including the scheduled $1,500 reserve contribution. No funding source is invented to eliminate it. A funded refinancing or sale, appropriate approvals and operational-continuity evidence remain necessary for the maturity strategy.

Effective-Date priority taxes of $1,611.61 and the asserted Central Hardwoods administrative payment/reserve of $8,240.87 require $9,852.48 separately, plus working capital and lawful adjustments. No opening bank balance is assumed. The cash-flow rows below measure changes in unrestricted funds, not verified all-account bank balances. Totals retain historical-average precision and round monthly expense totals and cash allocations to cents.

Reserve use is restricted to reasonably necessary capital expenditures and vehicle or tool replacement. Monthly accounting and quarterly necessity reviews apply; unnecessary amounts and the final uncommitted balance are released to Class 6 as provided in section 6.10. No capital purchase list or timing has been assumed.

# EXHIBIT B

## FIVE-YEAR SUMMARY

| Dollars | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 | 60 months |
|---|---|---|---|---|---|---|
| Operating cash receipts | 1,740,000.00 | 1,740,000.00 | 1,740,000.00 | 1,740,000.00 | 1,740,000.00 | 8,700,000.00 |
| Operating expenses | 1,506,970.68 | 1,561,391.42 | 1,566,338.76 | 1,566,338.76 | 1,566,338.76 | 7,767,378.38 |
| **Cash before Plan payments** | **233,029.32** | **178,608.58** | **173,661.24** | **173,661.24** | **173,661.24** | **932,621.62** |
| Hill County - Class 1 | 757.20 | 757.20 | 757.20 | 757.20 | 378.88 | 3,407.68 |
| Whitney ISD - Class 1 | 1,344.00 | 1,344.00 | 1,344.00 | 1,344.00 | 672.07 | 6,048.07 |
| TFNB - Class 2 | 89,280.48 | 89,280.48 | 89,280.48 | 89,280.48 | 456,211.18 | 813,333.10 |
| Ally - Class 3 | 7,256.52 | 7,256.52 | 7,256.52 | 7,256.52 | 7,256.41 | 36,282.49 |
| Chase Auto - Class 4 | 3,628.20 | 3,628.20 | 3,628.20 | 3,628.20 | 3,628.50 | 18,141.30 |
| SBA - Class 5 | 51,449.28 | 51,449.28 | 51,449.28 | 51,449.28 | 51,449.13 | 257,246.25 |
| **Total secured Plan payments** | **153,715.68** | **153,715.68** | **153,715.68** | **153,715.68** | **519,596.17** | **1,134,458.89** |
| Tittle Santiago fees | 73,500.00 | 6,500.00 | - | - | - | 80,000.00 |
| Trustee escrow deposits | 4,500.00 | - | - | - | - | 4,500.00 |
| Other specified obligations | - | - | - | - | - | - |
| Disbursements before reserve / Class 6 | 1,738,686.36 | 1,721,607.10 | 1,720,054.44 | 1,720,054.44 | 2,085,934.93 | 8,986,337.27 |
| Replacement reserve allocation | - | 16,500.00 | 18,000.00 | 18,000.00 | 18,000.00 | 70,500.00 |
| **Class 6 - positive available net cash** | **1,313.64** | **1,892.90** | **1,945.56** | **1,945.56** | **2,658.58** | **9,756.24** |
| Disbursements / reserve allocations | 1,740,000.00 | 1,740,000.00 | 1,740,000.00 | 1,740,000.00 | 2,106,593.51 | 9,066,593.51 |
| **Net unrestricted cash / (funding gap)** | **-** | **-** | **-** | **-** | **(366,593.51)** | **(366,593.51)** |

Annual Class 6 totals sum the positive monthly residuals, not netted yearly gains and losses. Reserve amounts are scheduled cash allocations, not represented capital purchases. The final-year funding gap is not offset by unverified reserve availability or hypothetical sale/refinancing proceeds.

# EXHIBIT B

## MONTHS 1-6

| Line item ($) | Month 1 | Month 2 | Month 3 | Month 4 | Month 5 | Month 6 |
|---|---|---|---|---|---|---|
| Operating cash receipts | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 |
| Bank Service Charges | 10.01 | 10.01 | 10.01 | 10.01 | 10.01 | 10.01 |
| Payroll Service | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 |
| Computer / Software / Internet | 218.78 | 218.78 | 218.78 | 218.78 | 218.78 | 218.78 |
| Insurance Expense | 3,554.60 | 3,554.60 | 3,554.60 | 3,554.60 | 3,554.60 | 3,554.60 |
| Materials & Supplies | 42,095.89 | 42,095.89 | 42,095.89 | 42,095.89 | 42,095.89 | 42,095.89 |
| Subcontractors / Contract Labor | 6,989.63 | 6,989.63 | 6,989.63 | 6,989.63 | 6,989.63 | 6,989.63 |
| Payroll Expenses (with taxes) | 65,000.00 | 65,000.00 | 65,000.00 | 65,000.00 | 65,000.00 | 65,000.00 |
| Rent / Storage | 478.57 | 478.57 | 478.57 | 478.57 | 478.57 | 478.57 |
| Utilities | 1,008.46 | 1,008.46 | 1,008.46 | 1,008.46 | 1,008.46 | 1,008.46 |
| Property Tax / Other Taxes | 2,643.14 | 2,643.14 | 2,643.14 | 2,643.14 | 2,643.14 | 2,643.14 |
| Office / Administrative | 281.81 | 281.81 | 281.81 | 281.81 | 281.81 | 281.81 |
| Repairs | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 |
| **Total operating expenses** | **125,580.89** | **125,580.89** | **125,580.89** | **125,580.89** | **125,580.89** | **125,580.89** |
| **Cash before Plan payments** | **19,419.11** | **19,419.11** | **19,419.11** | **19,419.11** | **19,419.11** | **19,419.11** |
| Hill County - Class 1 | 63.10 | 63.10 | 63.10 | 63.10 | 63.10 | 63.10 |
| Whitney ISD - Class 1 | 112.00 | 112.00 | 112.00 | 112.00 | 112.00 | 112.00 |
| TFNB - Class 2 | 7,440.04 | 7,440.04 | 7,440.04 | 7,440.04 | 7,440.04 | 7,440.04 |
| Ally Bank - Class 3 | 604.71 | 604.71 | 604.71 | 604.71 | 604.71 | 604.71 |
| Chase Auto - Class 4 | 302.35 | 302.35 | 302.35 | 302.35 | 302.35 | 302.35 |
| SBA - Class 5 | 4,287.44 | 4,287.44 | 4,287.44 | 4,287.44 | 4,287.44 | 4,287.44 |
| **Total secured Plan payments** | **12,809.64** | **12,809.64** | **12,809.64** | **12,809.64** | **12,809.64** | **12,809.64** |
| Trustee escrow deposits | 1,500.00 | 1,500.00 | 1,500.00 | - | - | - |
| Tittle Santiago fees | 5,000.00 | 5,000.00 | 5,000.00 | 6,500.00 | 6,500.00 | 6,500.00 |
| Disbursements before reserve / Class 6 | 144,890.53 | 144,890.53 | 144,890.53 | 144,890.53 | 144,890.53 | 144,890.53 |
| **Capital Expenditures / Vehicle and Tool Replacement Reserve** | - | - | - | - | - | - |
| **Class 6 - positive Available Net Cash** | **109.47** | **109.47** | **109.47** | **109.47** | **109.47** | **109.47** |
| Disbursements / reserve allocations | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 |
| **Net unrestricted cash / (funding gap)** | - | - | - | - | - | - |
| Refinancing / sale proceeds - not assumed | - | - | - | - | - | - |
| **Net after external funding** | - | - | - | - | - | - |
| **Cumulative unrestricted movement / (gap)** | - | - | - | - | - | - |

# EXHIBIT B

## MONTHS 7-12

| Line item ($) | Month 7 | Month 8 | Month 9 | Month 10 | Month 11 | Month 12 |
|---|---|---|---|---|---|---|
| Operating cash receipts | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 |
| Bank Service Charges | 10.01 | 10.01 | 10.01 | 10.01 | 10.01 | 10.01 |
| Payroll Service | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 |
| Computer / Software / Internet | 218.78 | 218.78 | 218.78 | 218.78 | 218.78 | 218.78 |
| Insurance Expense | 3,554.60 | 3,554.60 | 3,554.60 | 3,554.60 | 3,554.60 | 3,554.60 |
| Materials & Supplies | 42,095.89 | 42,095.89 | 42,095.89 | 42,095.89 | 42,095.89 | 42,095.89 |
| Subcontractors / Contract Labor | 6,989.63 | 6,989.63 | 6,989.63 | 6,989.63 | 6,989.63 | 6,989.63 |
| Payroll Expenses (with taxes) | 65,000.00 | 65,000.00 | 65,000.00 | 65,000.00 | 65,000.00 | 65,000.00 |
| Rent / Storage | 478.57 | 478.57 | 478.57 | 478.57 | 478.57 | 478.57 |
| Utilities | 1,008.46 | 1,008.46 | 1,008.46 | 1,008.46 | 1,008.46 | 1,008.46 |
| Property Tax / Other Taxes | 2,643.14 | 2,643.14 | 2,643.14 | 2,643.14 | 2,643.14 | 2,643.14 |
| Office / Administrative | 281.81 | 281.81 | 281.81 | 281.81 | 281.81 | 281.81 |
| Repairs | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 |
| **Total operating expenses** | **125,580.89** | **125,580.89** | **125,580.89** | **125,580.89** | **125,580.89** | **125,580.89** |
| **Cash before Plan payments** | **19,419.11** | **19,419.11** | **19,419.11** | **19,419.11** | **19,419.11** | **19,419.11** |
| Hill County - Class 1 | 63.10 | 63.10 | 63.10 | 63.10 | 63.10 | 63.10 |
| Whitney ISD - Class 1 | 112.00 | 112.00 | 112.00 | 112.00 | 112.00 | 112.00 |
| TFNB - Class 2 | 7,440.04 | 7,440.04 | 7,440.04 | 7,440.04 | 7,440.04 | 7,440.04 |
| Ally Bank - Class 3 | 604.71 | 604.71 | 604.71 | 604.71 | 604.71 | 604.71 |
| Chase Auto - Class 4 | 302.35 | 302.35 | 302.35 | 302.35 | 302.35 | 302.35 |
| SBA - Class 5 | 4,287.44 | 4,287.44 | 4,287.44 | 4,287.44 | 4,287.44 | 4,287.44 |
| **Total secured Plan payments** | **12,809.64** | **12,809.64** | **12,809.64** | **12,809.64** | **12,809.64** | **12,809.64** |
| Trustee escrow deposits | - | - | - | - | - | - |
| Tittle Santiago fees | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 |
| Disbursements before reserve / Class 6 | 144,890.53 | 144,890.53 | 144,890.53 | 144,890.53 | 144,890.53 | 144,890.53 |
| **Capital Expenditures / Vehicle and Tool Replacement Reserve** | - | - | - | - | - | - |
| **Class 6 - positive Available Net Cash** | **109.47** | **109.47** | **109.47** | **109.47** | **109.47** | **109.47** |
| Disbursements / reserve allocations | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 |
| **Net unrestricted cash / (funding gap)** | - | - | - | - | - | - |
| Refinancing / sale proceeds - not assumed | - | - | - | - | - | - |
| **Net after external funding** | - | - | - | - | - | - |
| **Cumulative unrestricted movement / (gap)** | - | - | - | - | - | - |

# EXHIBIT B

## MONTHS 13-18

| Line item ($) | Month 13 | Month 14 | Month 15 | Month 16 | Month 17 | Month 18 |
|---|---|---|---|---|---|---|
| Operating cash receipts | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 |
| Bank Service Charges | 10.01 | 10.01 | 10.01 | 10.01 | 10.01 | 10.01 |
| Payroll Service | 300.00 | 455.92 | 455.92 | 455.92 | 455.92 | 455.92 |
| Computer / Software / Internet | 218.78 | 218.78 | 218.78 | 218.78 | 218.78 | 218.78 |
| Insurance Expense | 3,554.60 | 3,754.60 | 3,754.60 | 3,754.60 | 3,754.60 | 3,754.60 |
| Materials & Supplies | 42,095.89 | 42,395.89 | 42,395.89 | 42,395.89 | 42,395.89 | 42,395.89 |
| Subcontractors / Contract Labor | 6,989.63 | 7,289.63 | 7,289.63 | 7,289.63 | 7,289.63 | 7,289.63 |
| Payroll Expenses (with taxes) | 65,000.00 | 67,200.00 | 67,200.00 | 67,200.00 | 67,200.00 | 67,200.00 |
| Rent / Storage | 478.57 | 478.57 | 478.57 | 478.57 | 478.57 | 478.57 |
| Utilities | 1,008.46 | 1,108.46 | 1,108.46 | 1,108.46 | 1,108.46 | 1,108.46 |
| Property Tax / Other Taxes | 2,643.14 | 2,643.14 | 2,643.14 | 2,643.14 | 2,643.14 | 2,643.14 |
| Office / Administrative | 281.81 | 281.81 | 281.81 | 281.81 | 281.81 | 281.81 |
| Repairs | 3,000.00 | 4,691.42 | 4,691.42 | 4,691.42 | 4,691.42 | 4,691.42 |
| **Total operating expenses** | **125,580.89** | **130,528.23** | **130,528.23** | **130,528.23** | **130,528.23** | **130,528.23** |
| **Cash before Plan payments** | **19,419.11** | **14,471.77** | **14,471.77** | **14,471.77** | **14,471.77** | **14,471.77** |
| Hill County - Class 1 | 63.10 | 63.10 | 63.10 | 63.10 | 63.10 | 63.10 |
| Whitney ISD - Class 1 | 112.00 | 112.00 | 112.00 | 112.00 | 112.00 | 112.00 |
| TFNB - Class 2 | 7,440.04 | 7,440.04 | 7,440.04 | 7,440.04 | 7,440.04 | 7,440.04 |
| Ally Bank - Class 3 | 604.71 | 604.71 | 604.71 | 604.71 | 604.71 | 604.71 |
| Chase Auto - Class 4 | 302.35 | 302.35 | 302.35 | 302.35 | 302.35 | 302.35 |
| SBA - Class 5 | 4,287.44 | 4,287.44 | 4,287.44 | 4,287.44 | 4,287.44 | 4,287.44 |
| **Total secured Plan payments** | **12,809.64** | **12,809.64** | **12,809.64** | **12,809.64** | **12,809.64** | **12,809.64** |
| Trustee escrow deposits | - | - | - | - | - | - |
| Tittle Santiago fees | 6,500.00 | - | - | - | - | - |
| Disbursements before reserve / Class 6 | 144,890.53 | 143,337.87 | 143,337.87 | 143,337.87 | 143,337.87 | 143,337.87 |
| **Capital Expenditures / Vehicle and Tool Replacement Reserve** | **-** | **1,500.00** | **1,500.00** | **1,500.00** | **1,500.00** | **1,500.00** |
| **Class 6 - positive Available Net Cash** | **109.47** | **162.13** | **162.13** | **162.13** | **162.13** | **162.13** |
| Disbursements / reserve allocations | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 |
| **Net unrestricted cash / (funding gap)** | **-** | **-** | **-** | **-** | **-** | **-** |
| Refinancing / sale proceeds - not assumed | - | - | - | - | - | - |
| **Net after external funding** | **-** | **-** | **-** | **-** | **-** | **-** |
| **Cumulative unrestricted movement / (gap)** | **-** | **-** | **-** | **-** | **-** | **-** |

# EXHIBIT B

## MONTHS 19-24

| Line item ($) | Month 19 | Month 20 | Month 21 | Month 22 | Month 23 | Month 24 |
|---|---|---|---|---|---|---|
| Operating cash receipts | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 |
| Bank Service Charges | 10.01 | 10.01 | 10.01 | 10.01 | 10.01 | 10.01 |
| Payroll Service | 455.92 | 455.92 | 455.92 | 455.92 | 455.92 | 455.92 |
| Computer / Software / Internet | 218.78 | 218.78 | 218.78 | 218.78 | 218.78 | 218.78 |
| Insurance Expense | 3,754.60 | 3,754.60 | 3,754.60 | 3,754.60 | 3,754.60 | 3,754.60 |
| Materials & Supplies | 42,395.89 | 42,395.89 | 42,395.89 | 42,395.89 | 42,395.89 | 42,395.89 |
| Subcontractors / Contract Labor | 7,289.63 | 7,289.63 | 7,289.63 | 7,289.63 | 7,289.63 | 7,289.63 |
| Payroll Expenses (with taxes) | 67,200.00 | 67,200.00 | 67,200.00 | 67,200.00 | 67,200.00 | 67,200.00 |
| Rent / Storage | 478.57 | 478.57 | 478.57 | 478.57 | 478.57 | 478.57 |
| Utilities | 1,108.46 | 1,108.46 | 1,108.46 | 1,108.46 | 1,108.46 | 1,108.46 |
| Property Tax / Other Taxes | 2,643.14 | 2,643.14 | 2,643.14 | 2,643.14 | 2,643.14 | 2,643.14 |
| Office / Administrative | 281.81 | 281.81 | 281.81 | 281.81 | 281.81 | 281.81 |
| Repairs | 4,691.42 | 4,691.42 | 4,691.42 | 4,691.42 | 4,691.42 | 4,691.42 |
| **Total operating expenses** | **130,528.23** | **130,528.23** | **130,528.23** | **130,528.23** | **130,528.23** | **130,528.23** |
| **Cash before Plan payments** | **14,471.77** | **14,471.77** | **14,471.77** | **14,471.77** | **14,471.77** | **14,471.77** |
| Hill County - Class 1 | 63.10 | 63.10 | 63.10 | 63.10 | 63.10 | 63.10 |
| Whitney ISD - Class 1 | 112.00 | 112.00 | 112.00 | 112.00 | 112.00 | 112.00 |
| TFNB - Class 2 | 7,440.04 | 7,440.04 | 7,440.04 | 7,440.04 | 7,440.04 | 7,440.04 |
| Ally Bank - Class 3 | 604.71 | 604.71 | 604.71 | 604.71 | 604.71 | 604.71 |
| Chase Auto - Class 4 | 302.35 | 302.35 | 302.35 | 302.35 | 302.35 | 302.35 |
| SBA - Class 5 | 4,287.44 | 4,287.44 | 4,287.44 | 4,287.44 | 4,287.44 | 4,287.44 |
| **Total secured Plan payments** | **12,809.64** | **12,809.64** | **12,809.64** | **12,809.64** | **12,809.64** | **12,809.64** |
| Trustee escrow deposits | - | - | - | - | - | - |
| Tittle Santiago fees | - | - | - | - | - | - |
| Disbursements before reserve / Class 6 | 143,337.87 | 143,337.87 | 143,337.87 | 143,337.87 | 143,337.87 | 143,337.87 |
| **Capital Expenditures / Vehicle and Tool Replacement Reserve** | **1,500.00** | **1,500.00** | **1,500.00** | **1,500.00** | **1,500.00** | **1,500.00** |
| **Class 6 - positive Available Net Cash** | **162.13** | **162.13** | **162.13** | **162.13** | **162.13** | **162.13** |
| Disbursements / reserve allocations | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 |
| **Net unrestricted cash / (funding gap)** | **-** | **-** | **-** | **-** | **-** | **-** |
| Refinancing / sale proceeds - not assumed | - | - | - | - | - | - |
| **Net after external funding** | **-** | **-** | **-** | **-** | **-** | **-** |
| **Cumulative unrestricted movement / (gap)** | **-** | **-** | **-** | **-** | **-** | **-** |

# EXHIBIT B

## MONTHS 25-30

| Line item ($) | Month 25 | Month 26 | Month 27 | Month 28 | Month 29 | Month 30 |
|---|---|---|---|---|---|---|
| Operating cash receipts | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 |
| Bank Service Charges | 10.01 | 10.01 | 10.01 | 10.01 | 10.01 | 10.01 |
| Payroll Service | 455.92 | 455.92 | 455.92 | 455.92 | 455.92 | 455.92 |
| Computer / Software / Internet | 218.78 | 218.78 | 218.78 | 218.78 | 218.78 | 218.78 |
| Insurance Expense | 3,754.60 | 3,754.60 | 3,754.60 | 3,754.60 | 3,754.60 | 3,754.60 |
| Materials & Supplies | 42,395.89 | 42,395.89 | 42,395.89 | 42,395.89 | 42,395.89 | 42,395.89 |
| Subcontractors / Contract Labor | 7,289.63 | 7,289.63 | 7,289.63 | 7,289.63 | 7,289.63 | 7,289.63 |
| Payroll Expenses (with taxes) | 67,200.00 | 67,200.00 | 67,200.00 | 67,200.00 | 67,200.00 | 67,200.00 |
| Rent / Storage | 478.57 | 478.57 | 478.57 | 478.57 | 478.57 | 478.57 |
| Utilities | 1,108.46 | 1,108.46 | 1,108.46 | 1,108.46 | 1,108.46 | 1,108.46 |
| Property Tax / Other Taxes | 2,643.14 | 2,643.14 | 2,643.14 | 2,643.14 | 2,643.14 | 2,643.14 |
| Office / Administrative | 281.81 | 281.81 | 281.81 | 281.81 | 281.81 | 281.81 |
| Repairs | 4,691.42 | 4,691.42 | 4,691.42 | 4,691.42 | 4,691.42 | 4,691.42 |
| **Total operating expenses** | **130,528.23** | **130,528.23** | **130,528.23** | **130,528.23** | **130,528.23** | **130,528.23** |
| **Cash before Plan payments** | **14,471.77** | **14,471.77** | **14,471.77** | **14,471.77** | **14,471.77** | **14,471.77** |
| Hill County - Class 1 | 63.10 | 63.10 | 63.10 | 63.10 | 63.10 | 63.10 |
| Whitney ISD - Class 1 | 112.00 | 112.00 | 112.00 | 112.00 | 112.00 | 112.00 |
| TFNB - Class 2 | 7,440.04 | 7,440.04 | 7,440.04 | 7,440.04 | 7,440.04 | 7,440.04 |
| Ally Bank - Class 3 | 604.71 | 604.71 | 604.71 | 604.71 | 604.71 | 604.71 |
| Chase Auto - Class 4 | 302.35 | 302.35 | 302.35 | 302.35 | 302.35 | 302.35 |
| SBA - Class 5 | 4,287.44 | 4,287.44 | 4,287.44 | 4,287.44 | 4,287.44 | 4,287.44 |
| **Total secured Plan payments** | **12,809.64** | **12,809.64** | **12,809.64** | **12,809.64** | **12,809.64** | **12,809.64** |
| Trustee escrow deposits | - | - | - | - | - | - |
| Tittle Santiago fees | - | - | - | - | - | - |
| Disbursements before reserve / Class 6 | 143,337.87 | 143,337.87 | 143,337.87 | 143,337.87 | 143,337.87 | 143,337.87 |
| **Capital Expenditures / Vehicle and Tool Replacement Reserve** | **1,500.00** | **1,500.00** | **1,500.00** | **1,500.00** | **1,500.00** | **1,500.00** |
| **Class 6 - positive Available Net Cash** | **162.13** | **162.13** | **162.13** | **162.13** | **162.13** | **162.13** |
| Disbursements / reserve allocations | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 |
| **Net unrestricted cash / (funding gap)** | **-** | **-** | **-** | **-** | **-** | **-** |
| Refinancing / sale proceeds - not assumed | - | - | - | - | - | - |
| **Net after external funding** | **-** | **-** | **-** | **-** | **-** | **-** |
| **Cumulative unrestricted movement / (gap)** | **-** | **-** | **-** | **-** | **-** | **-** |

# EXHIBIT B

## MONTHS 31-36

| Line item ($) | Month 31 | Month 32 | Month 33 | Month 34 | Month 35 | Month 36 |
|---|---|---|---|---|---|---|
| Operating cash receipts | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 |
| Bank Service Charges | 10.01 | 10.01 | 10.01 | 10.01 | 10.01 | 10.01 |
| Payroll Service | 455.92 | 455.92 | 455.92 | 455.92 | 455.92 | 455.92 |
| Computer / Software / Internet | 218.78 | 218.78 | 218.78 | 218.78 | 218.78 | 218.78 |
| Insurance Expense | 3,754.60 | 3,754.60 | 3,754.60 | 3,754.60 | 3,754.60 | 3,754.60 |
| Materials & Supplies | 42,395.89 | 42,395.89 | 42,395.89 | 42,395.89 | 42,395.89 | 42,395.89 |
| Subcontractors / Contract Labor | 7,289.63 | 7,289.63 | 7,289.63 | 7,289.63 | 7,289.63 | 7,289.63 |
| Payroll Expenses (with taxes) | 67,200.00 | 67,200.00 | 67,200.00 | 67,200.00 | 67,200.00 | 67,200.00 |
| Rent / Storage | 478.57 | 478.57 | 478.57 | 478.57 | 478.57 | 478.57 |
| Utilities | 1,108.46 | 1,108.46 | 1,108.46 | 1,108.46 | 1,108.46 | 1,108.46 |
| Property Tax / Other Taxes | 2,643.14 | 2,643.14 | 2,643.14 | 2,643.14 | 2,643.14 | 2,643.14 |
| Office / Administrative | 281.81 | 281.81 | 281.81 | 281.81 | 281.81 | 281.81 |
| Repairs | 4,691.42 | 4,691.42 | 4,691.42 | 4,691.42 | 4,691.42 | 4,691.42 |
| **Total operating expenses** | **130,528.23** | **130,528.23** | **130,528.23** | **130,528.23** | **130,528.23** | **130,528.23** |
| **Cash before Plan payments** | **14,471.77** | **14,471.77** | **14,471.77** | **14,471.77** | **14,471.77** | **14,471.77** |
| Hill County - Class 1 | 63.10 | 63.10 | 63.10 | 63.10 | 63.10 | 63.10 |
| Whitney ISD - Class 1 | 112.00 | 112.00 | 112.00 | 112.00 | 112.00 | 112.00 |
| TFNB - Class 2 | 7,440.04 | 7,440.04 | 7,440.04 | 7,440.04 | 7,440.04 | 7,440.04 |
| Ally Bank - Class 3 | 604.71 | 604.71 | 604.71 | 604.71 | 604.71 | 604.71 |
| Chase Auto - Class 4 | 302.35 | 302.35 | 302.35 | 302.35 | 302.35 | 302.35 |
| SBA - Class 5 | 4,287.44 | 4,287.44 | 4,287.44 | 4,287.44 | 4,287.44 | 4,287.44 |
| **Total secured Plan payments** | **12,809.64** | **12,809.64** | **12,809.64** | **12,809.64** | **12,809.64** | **12,809.64** |
| Trustee escrow deposits | - | - | - | - | - | - |
| Tittle Santiago fees | - | - | - | - | - | - |
| Disbursements before reserve / Class 6 | 143,337.87 | 143,337.87 | 143,337.87 | 143,337.87 | 143,337.87 | 143,337.87 |
| **Capital Expenditures / Vehicle and Tool Replacement Reserve** | **1,500.00** | **1,500.00** | **1,500.00** | **1,500.00** | **1,500.00** | **1,500.00** |
| **Class 6 - positive Available Net Cash** | **162.13** | **162.13** | **162.13** | **162.13** | **162.13** | **162.13** |
| Disbursements / reserve allocations | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 |
| **Net unrestricted cash / (funding gap)** | **-** | **-** | **-** | **-** | **-** | **-** |
| Refinancing / sale proceeds - not assumed | - | - | - | - | - | - |
| **Net after external funding** | **-** | **-** | **-** | **-** | **-** | **-** |
| **Cumulative unrestricted movement / (gap)** | **-** | **-** | **-** | **-** | **-** | **-** |

# EXHIBIT B

## MONTHS 37-42

| Line item ($) | Month 37 | Month 38 | Month 39 | Month 40 | Month 41 | Month 42 |
|---|---|---|---|---|---|---|
| Operating cash receipts | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 |
| Bank Service Charges | 10.01 | 10.01 | 10.01 | 10.01 | 10.01 | 10.01 |
| Payroll Service | 455.92 | 455.92 | 455.92 | 455.92 | 455.92 | 455.92 |
| Computer / Software / Internet | 218.78 | 218.78 | 218.78 | 218.78 | 218.78 | 218.78 |
| Insurance Expense | 3,754.60 | 3,754.60 | 3,754.60 | 3,754.60 | 3,754.60 | 3,754.60 |
| Materials & Supplies | 42,395.89 | 42,395.89 | 42,395.89 | 42,395.89 | 42,395.89 | 42,395.89 |
| Subcontractors / Contract Labor | 7,289.63 | 7,289.63 | 7,289.63 | 7,289.63 | 7,289.63 | 7,289.63 |
| Payroll Expenses (with taxes) | 67,200.00 | 67,200.00 | 67,200.00 | 67,200.00 | 67,200.00 | 67,200.00 |
| Rent / Storage | 478.57 | 478.57 | 478.57 | 478.57 | 478.57 | 478.57 |
| Utilities | 1,108.46 | 1,108.46 | 1,108.46 | 1,108.46 | 1,108.46 | 1,108.46 |
| Property Tax / Other Taxes | 2,643.14 | 2,643.14 | 2,643.14 | 2,643.14 | 2,643.14 | 2,643.14 |
| Office / Administrative | 281.81 | 281.81 | 281.81 | 281.81 | 281.81 | 281.81 |
| Repairs | 4,691.42 | 4,691.42 | 4,691.42 | 4,691.42 | 4,691.42 | 4,691.42 |
| **Total operating expenses** | **130,528.23** | **130,528.23** | **130,528.23** | **130,528.23** | **130,528.23** | **130,528.23** |
| **Cash before Plan payments** | **14,471.77** | **14,471.77** | **14,471.77** | **14,471.77** | **14,471.77** | **14,471.77** |
| Hill County - Class 1 | 63.10 | 63.10 | 63.10 | 63.10 | 63.10 | 63.10 |
| Whitney ISD - Class 1 | 112.00 | 112.00 | 112.00 | 112.00 | 112.00 | 112.00 |
| TFNB - Class 2 | 7,440.04 | 7,440.04 | 7,440.04 | 7,440.04 | 7,440.04 | 7,440.04 |
| Ally Bank - Class 3 | 604.71 | 604.71 | 604.71 | 604.71 | 604.71 | 604.71 |
| Chase Auto - Class 4 | 302.35 | 302.35 | 302.35 | 302.35 | 302.35 | 302.35 |
| SBA - Class 5 | 4,287.44 | 4,287.44 | 4,287.44 | 4,287.44 | 4,287.44 | 4,287.44 |
| **Total secured Plan payments** | **12,809.64** | **12,809.64** | **12,809.64** | **12,809.64** | **12,809.64** | **12,809.64** |
| Trustee escrow deposits | - | - | - | - | - | - |
| Tittle Santiago fees | - | - | - | - | - | - |
| Disbursements before reserve / Class 6 | 143,337.87 | 143,337.87 | 143,337.87 | 143,337.87 | 143,337.87 | 143,337.87 |
| **Capital Expenditures / Vehicle and Tool Replacement Reserve** | **1,500.00** | **1,500.00** | **1,500.00** | **1,500.00** | **1,500.00** | **1,500.00** |
| **Class 6 - positive Available Net Cash** | **162.13** | **162.13** | **162.13** | **162.13** | **162.13** | **162.13** |
| Disbursements / reserve allocations | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 |
| **Net unrestricted cash / (funding gap)** | **-** | **-** | **-** | **-** | **-** | **-** |
| Refinancing / sale proceeds - not assumed | - | - | - | - | - | - |
| **Net after external funding** | **-** | **-** | **-** | **-** | **-** | **-** |
| **Cumulative unrestricted movement / (gap)** | **-** | **-** | **-** | **-** | **-** | **-** |

# EXHIBIT B

## MONTHS 43-48

| Line item ($) | Month 43 | Month 44 | Month 45 | Month 46 | Month 47 | Month 48 |
|---|---|---|---|---|---|---|
| Operating cash receipts | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 |
| Bank Service Charges | 10.01 | 10.01 | 10.01 | 10.01 | 10.01 | 10.01 |
| Payroll Service | 455.92 | 455.92 | 455.92 | 455.92 | 455.92 | 455.92 |
| Computer / Software / Internet | 218.78 | 218.78 | 218.78 | 218.78 | 218.78 | 218.78 |
| Insurance Expense | 3,754.60 | 3,754.60 | 3,754.60 | 3,754.60 | 3,754.60 | 3,754.60 |
| Materials & Supplies | 42,395.89 | 42,395.89 | 42,395.89 | 42,395.89 | 42,395.89 | 42,395.89 |
| Subcontractors / Contract Labor | 7,289.63 | 7,289.63 | 7,289.63 | 7,289.63 | 7,289.63 | 7,289.63 |
| Payroll Expenses (with taxes) | 67,200.00 | 67,200.00 | 67,200.00 | 67,200.00 | 67,200.00 | 67,200.00 |
| Rent / Storage | 478.57 | 478.57 | 478.57 | 478.57 | 478.57 | 478.57 |
| Utilities | 1,108.46 | 1,108.46 | 1,108.46 | 1,108.46 | 1,108.46 | 1,108.46 |
| Property Tax / Other Taxes | 2,643.14 | 2,643.14 | 2,643.14 | 2,643.14 | 2,643.14 | 2,643.14 |
| Office / Administrative | 281.81 | 281.81 | 281.81 | 281.81 | 281.81 | 281.81 |
| Repairs | 4,691.42 | 4,691.42 | 4,691.42 | 4,691.42 | 4,691.42 | 4,691.42 |
| **Total operating expenses** | **130,528.23** | **130,528.23** | **130,528.23** | **130,528.23** | **130,528.23** | **130,528.23** |
| **Cash before Plan payments** | **14,471.77** | **14,471.77** | **14,471.77** | **14,471.77** | **14,471.77** | **14,471.77** |
| Hill County - Class 1 | 63.10 | 63.10 | 63.10 | 63.10 | 63.10 | 63.10 |
| Whitney ISD - Class 1 | 112.00 | 112.00 | 112.00 | 112.00 | 112.00 | 112.00 |
| TFNB - Class 2 | 7,440.04 | 7,440.04 | 7,440.04 | 7,440.04 | 7,440.04 | 7,440.04 |
| Ally Bank - Class 3 | 604.71 | 604.71 | 604.71 | 604.71 | 604.71 | 604.71 |
| Chase Auto - Class 4 | 302.35 | 302.35 | 302.35 | 302.35 | 302.35 | 302.35 |
| SBA - Class 5 | 4,287.44 | 4,287.44 | 4,287.44 | 4,287.44 | 4,287.44 | 4,287.44 |
| **Total secured Plan payments** | **12,809.64** | **12,809.64** | **12,809.64** | **12,809.64** | **12,809.64** | **12,809.64** |
| Trustee escrow deposits | - | - | - | - | - | - |
| Tittle Santiago fees | - | - | - | - | - | - |
| Disbursements before reserve / Class 6 | 143,337.87 | 143,337.87 | 143,337.87 | 143,337.87 | 143,337.87 | 143,337.87 |
| **Capital Expenditures / Vehicle and Tool Replacement Reserve** | **1,500.00** | **1,500.00** | **1,500.00** | **1,500.00** | **1,500.00** | **1,500.00** |
| **Class 6 - positive Available Net Cash** | **162.13** | **162.13** | **162.13** | **162.13** | **162.13** | **162.13** |
| Disbursements / reserve allocations | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 |
| **Net unrestricted cash / (funding gap)** | **-** | **-** | **-** | **-** | **-** | **-** |
| Refinancing / sale proceeds - not assumed | - | - | - | - | - | - |
| **Net after external funding** | **-** | **-** | **-** | **-** | **-** | **-** |
| **Cumulative unrestricted movement / (gap)** | **-** | **-** | **-** | **-** | **-** | **-** |

# EXHIBIT B

## MONTHS 49-54

| Line item ($) | Month 49 | Month 50 | Month 51 | Month 52 | Month 53 | Month 54 |
|---|---|---|---|---|---|---|
| Operating cash receipts | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 |
| Bank Service Charges | 10.01 | 10.01 | 10.01 | 10.01 | 10.01 | 10.01 |
| Payroll Service | 455.92 | 455.92 | 455.92 | 455.92 | 455.92 | 455.92 |
| Computer / Software / Internet | 218.78 | 218.78 | 218.78 | 218.78 | 218.78 | 218.78 |
| Insurance Expense | 3,754.60 | 3,754.60 | 3,754.60 | 3,754.60 | 3,754.60 | 3,754.60 |
| Materials & Supplies | 42,395.89 | 42,395.89 | 42,395.89 | 42,395.89 | 42,395.89 | 42,395.89 |
| Subcontractors / Contract Labor | 7,289.63 | 7,289.63 | 7,289.63 | 7,289.63 | 7,289.63 | 7,289.63 |
| Payroll Expenses (with taxes) | 67,200.00 | 67,200.00 | 67,200.00 | 67,200.00 | 67,200.00 | 67,200.00 |
| Rent / Storage | 478.57 | 478.57 | 478.57 | 478.57 | 478.57 | 478.57 |
| Utilities | 1,108.46 | 1,108.46 | 1,108.46 | 1,108.46 | 1,108.46 | 1,108.46 |
| Property Tax / Other Taxes | 2,643.14 | 2,643.14 | 2,643.14 | 2,643.14 | 2,643.14 | 2,643.14 |
| Office / Administrative | 281.81 | 281.81 | 281.81 | 281.81 | 281.81 | 281.81 |
| Repairs | 4,691.42 | 4,691.42 | 4,691.42 | 4,691.42 | 4,691.42 | 4,691.42 |
| **Total operating expenses** | **130,528.23** | **130,528.23** | **130,528.23** | **130,528.23** | **130,528.23** | **130,528.23** |
| **Cash before Plan payments** | **14,471.77** | **14,471.77** | **14,471.77** | **14,471.77** | **14,471.77** | **14,471.77** |
| Hill County - Class 1 | 63.10 | 63.10 | 63.10 | 63.10 | 63.10 | 63.38 |
| Whitney ISD - Class 1 | 112.00 | 112.00 | 112.00 | 112.00 | 112.00 | 112.07 |
| TFNB - Class 2 | 7,440.04 | 7,440.04 | 7,440.04 | 7,440.04 | 7,440.04 | 7,440.04 |
| Ally Bank - Class 3 | 604.71 | 604.71 | 604.71 | 604.71 | 604.71 | 604.71 |
| Chase Auto - Class 4 | 302.35 | 302.35 | 302.35 | 302.35 | 302.35 | 302.35 |
| SBA - Class 5 | 4,287.44 | 4,287.44 | 4,287.44 | 4,287.44 | 4,287.44 | 4,287.44 |
| **Total secured Plan payments** | **12,809.64** | **12,809.64** | **12,809.64** | **12,809.64** | **12,809.64** | **12,809.99** |
| Trustee escrow deposits | - | - | - | - | - | - |
| Tittle Santiago fees | - | - | - | - | - | - |
| Disbursements before reserve / Class 6 | 143,337.87 | 143,337.87 | 143,337.87 | 143,337.87 | 143,337.87 | 143,338.22 |
| **Capital Expenditures / Vehicle and Tool Replacement Reserve** | **1,500.00** | **1,500.00** | **1,500.00** | **1,500.00** | **1,500.00** | **1,500.00** |
| **Class 6 - positive Available Net Cash** | **162.13** | **162.13** | **162.13** | **162.13** | **162.13** | **161.78** |
| Disbursements / reserve allocations | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 |
| **Net unrestricted cash / (funding gap)** | **-** | **-** | **-** | **-** | **-** | **-** |
| Refinancing / sale proceeds - not assumed | - | - | - | - | - | - |
| **Net after external funding** | **-** | **-** | **-** | **-** | **-** | **-** |
| **Cumulative unrestricted movement / (gap)** | **-** | **-** | **-** | **-** | **-** | **-** |

# EXHIBIT B

## MONTHS 55-60

| Line item ($) | Month 55 | Month 56 | Month 57 | Month 58 | Month 59 | Month 60 |
|---|---|---|---|---|---|---|
| Operating cash receipts | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 |
| Bank Service Charges | 10.01 | 10.01 | 10.01 | 10.01 | 10.01 | 10.01 |
| Payroll Service | 455.92 | 455.92 | 455.92 | 455.92 | 455.92 | 455.92 |
| Computer / Software / Internet | 218.78 | 218.78 | 218.78 | 218.78 | 218.78 | 218.78 |
| Insurance Expense | 3,754.60 | 3,754.60 | 3,754.60 | 3,754.60 | 3,754.60 | 3,754.60 |
| Materials & Supplies | 42,395.89 | 42,395.89 | 42,395.89 | 42,395.89 | 42,395.89 | 42,395.89 |
| Subcontractors / Contract Labor | 7,289.63 | 7,289.63 | 7,289.63 | 7,289.63 | 7,289.63 | 7,289.63 |
| Payroll Expenses (with taxes) | 67,200.00 | 67,200.00 | 67,200.00 | 67,200.00 | 67,200.00 | 67,200.00 |
| Rent / Storage | 478.57 | 478.57 | 478.57 | 478.57 | 478.57 | 478.57 |
| Utilities | 1,108.46 | 1,108.46 | 1,108.46 | 1,108.46 | 1,108.46 | 1,108.46 |
| Property Tax / Other Taxes | 2,643.14 | 2,643.14 | 2,643.14 | 2,643.14 | 2,643.14 | 2,643.14 |
| Office / Administrative | 281.81 | 281.81 | 281.81 | 281.81 | 281.81 | 281.81 |
| Repairs | 4,691.42 | 4,691.42 | 4,691.42 | 4,691.42 | 4,691.42 | 4,691.42 |
| **Total operating expenses** | **130,528.23** | **130,528.23** | **130,528.23** | **130,528.23** | **130,528.23** | **130,528.23** |
| **Cash before Plan payments** | **14,471.77** | **14,471.77** | **14,471.77** | **14,471.77** | **14,471.77** | **14,471.77** |
| Hill County - Class 1 | - | - | - | - | - | - |
| Whitney ISD - Class 1 | - | - | - | - | - | - |
| TFNB - Class 2 | 7,440.04 | 7,440.04 | 7,440.04 | 7,440.04 | 7,440.04 | 374,370.74 |
| Ally Bank - Class 3 | 604.71 | 604.71 | 604.71 | 604.71 | 604.71 | 604.60 |
| Chase Auto - Class 4 | 302.35 | 302.35 | 302.35 | 302.35 | 302.35 | 302.65 |
| SBA - Class 5 | 4,287.44 | 4,287.44 | 4,287.44 | 4,287.44 | 4,287.44 | 4,287.29 |
| **Total secured Plan payments** | **12,634.54** | **12,634.54** | **12,634.54** | **12,634.54** | **12,634.54** | **379,565.28** |
| Trustee escrow deposits | - | - | - | - | - | - |
| Tittle Santiago fees | - | - | - | - | - | - |
| Disbursements before reserve / Class 6 | 143,162.77 | 143,162.77 | 143,162.77 | 143,162.77 | 143,162.77 | 510,093.51 |
| **Capital Expenditures / Vehicle and Tool Replacement Reserve** | **1,500.00** | **1,500.00** | **1,500.00** | **1,500.00** | **1,500.00** | **1,500.00** |
| **Class 6 - positive Available Net Cash** | **337.23** | **337.23** | **337.23** | **337.23** | **337.23** | **-** |
| Disbursements / reserve allocations | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 145,000.00 | 511,593.51 |
| **Net unrestricted cash / (funding gap)** | **-** | **-** | **-** | **-** | **-** | **(366,593.51)** |
| Refinancing / sale proceeds - not assumed | - | - | - | - | - | - |
| **Net after external funding** | **-** | **-** | **-** | **-** | **-** | **(366,593.51)** |
| **Cumulative unrestricted movement / (gap)** | **-** | **-** | **-** | **-** | **-** | **(366,593.51)** |

## EXHIBIT C
## CLAIMS, STATUS, AND ANTICIPATED DISTRIBUTIONS

The table reflects the schedules and claim documents reviewed, subject to the operative claims register, amendments, allowance orders, and credits. Scheduled disputed status is not itself an objection to a filed proof. A Claim qualifying under section 1111(a) is not excluded solely because no separate proof has been identified. Amounts and distributions remain subject to the treatment and reserves in Articles 2 and 6.

### A. Secured, Priority, Administrative, and Equity Treatment

| Claimant / reference | Amount | Status / anticipated treatment |
|---|---|---|
| Hill County - Claim 1 | $2,623.13 | Class 1; filed secured tax Claim; 12%; estimated total $3,407.68 over 54 installments, subject to actual dates and balances. |
| Whitney ISD - Claim 2 | $4,655.73 | Class 1; filed secured tax Claim; 12%; estimated total $6,048.07 on the same terms. |
| TFNB - Claim 10 | $613,218.83 | Class 2; filed secured Claim; 8%; estimated total $813,333.10, including Month 60 payoff. |
| Ally - Schedule D 2.1 | $30,000.00 | Class 3; proposed secured value; 7.75%; estimated total $36,282.49; deficiency separately in Class 6. |
| Chase Auto - Schedule D 2.2 | $15,000.00 | Class 4; proposed secured value; 7.75%; estimated total $18,141.30; separate from Chase credit-card Claim 7. |
| SBA - Claim 6 | $234,236.03 | Class 5; proposed secured allocation; 3.75%; estimated secured total $257,246.25; proposed deficiency $239,172.94 in Class 6. |
| Texas Workforce Commission - Claim 4 | $598.73 | Unclassified priority; 2Q26; pay Allowed amount in full on Effective Date. |
| Texas Comptroller - Schedule E/F 2.3 | $1,012.88 | Unclassified priority; 2025 period; pay Allowed amount in full on Effective Date. |
| Central Hardwoods - Claim 9 administrative portion | $8,240.87 | Asserted section 503(b)(9) portion; allowance required; Effective-Date payment/reserve under section 2.1(A). |
| Tittle Santiago, PLLC | $80,000.00 estimated | Administrative estimate, not an award; $5,000 monthly in Months 1-3, then $6,500 monthly in Months 4-13, subject to consent/approval. |
| Subchapter V Trustee | $9,000.00 estimated | Credit $4,500 escrow; three additional $1,500 deposits; allowance governs. |
| Administrative taxes / other professionals | $0.00 | None presently identified. |
| Pavelka / Elizondo | 50% / 50% | Class 7; retain Interests; no salary or distributions. |

**B. Class 6 Estimated Pool and Projected Distributions**

The estimated pool is $1,357,353.68. The table allocates the $9,756.24 projected operating residual Pro Rata, including disputed amounts solely for illustration. It excludes unquantified recoveries and any future release of unused replacement-reserve funds. These are not fixed payments, guaranteed recoveries, or a cap. Actual distributions and disputed-claim reserves follow sections 2.2(C), 2.3, and 6.10 and the Allowed pool. Required disbursements must be timely funded.

| Creditor / reference | Estimated amount | Status | Projected distribution |
|---|---:|---|---:|
| A-1 Building Supply / E/F 3.1 | $9,543.27 | Scheduled undisputed; subject to allowance | $68.59 |
| ABC Supply Company / E/F 3.2 | $9,050.55 | Scheduled undisputed; subject to allowance | $65.05 |
| Capital One Bank / E/F 3.5 | $34,490.22 | Claim 3; subject to section 502 and any objection | $247.91 |
| Cedar Advance LLC / E/F 3.6 | $128,250.00 | Scheduled disputed; allowance unresolved | $921.82 |
| Central Hardwoods / E/F 3.8 | $19,385.02 | Claim 9 attachment: general unsecured portion only; $8,240.87 admin excluded | $139.33 |
| Dakota Premium Hardwoods / E/F 3.9 | $3,760.80 | Scheduled undisputed; subject to allowance | $27.03 |
| Dealers Electrical Supply / E/F 3.10 | $1,039.23 | Scheduled undisputed; subject to allowance | $7.47 |
| Forward Financing LLC / E/F 3.11 | $328,747.85 | Claim 5 asserts secured status; Class 6 only to extent ultimately unsecured | $2,362.94 |
| Fox Funding Group LLC / E/F 3.12 | $44,970.00 | Scheduled disputed; allowance unresolved | $323.23 |
| G an G Funding Group LLC / E/F 3.13 | $187,847.84 | Scheduled disputed; allowance unresolved | $1,350.19 |
| Headway Capital / E/F 3.14 | $102,106.74 | Claim 8 filed unsecured; scheduled disputed; security-document inconsistency reserved | $733.91 |
| Home Depot Credit Services / E/F 3.15 | $17,936.73 | Scheduled undisputed; subject to allowance | $128.92 |
| Itasca Landfill, Republic Services / E/F 3.16 | $3,296.40 | Scheduled undisputed; subject to allowance | $23.69 |
| JPMorgan Chase Bank / E/F 3.17 | $53,110.77 | Claim 7; subject to section 502 and any objection | $381.74 |
| KHBR / E/F 3.18 | $80.00 | Scheduled undisputed; subject to allowance | $0.58 |
| Lowes / E/F 3.19 | $2,000.00 | Scheduled undisputed; subject to allowance | $14.38 |
| LW RV Park & Mini Warehouse / E/F 3.20 | $350.00 | Scheduled undisputed; subject to allowance | $2.52 |
| Ocean Funding Corp. / E/F 3.23 | $63,061.02 | Scheduled disputed; allowance unresolved | $453.26 |

| **Creditor / reference** | **Estimated amount** | **Status** | **Projected distribution** |
|---|---:|---|---:|
| Redwoods, Inc. / E/F 3.26 | $7,386.61 | Scheduled undisputed; subject to allowance | $53.09 |
| Rugby / E/F 3.27 | $24,000.00 | Scheduled undisputed; subject to allowance | $172.50 |
| Samson MCA LLC / E/F 3.28 | $55,656.25 | Scheduled disputed; allowance unresolved | $400.04 |
| SRM Concrete / E/F 3.29 | $13,000.00 | Scheduled undisputed; subject to allowance | $93.44 |
| Sunbelt Rentals / E/F 3.30 | $2,015.95 | Scheduled undisputed; subject to allowance | $14.49 |
| Trader Vic's Mini Storage / E/F 3.32 | $350.00 | Scheduled undisputed; subject to allowance | $2.52 |
| United Rentals / E/F 3.33 | $1,449.08 | Scheduled undisputed; subject to allowance | $10.42 |
| Wilsonart / E/F 3.34 | $149.00 | Scheduled undisputed; subject to allowance | $1.07 |
| Wood Finishers Depot / E/F 3.35 | $2,025.45 | Scheduled undisputed; subject to allowance | $14.56 |
| SBA - proposed unsecured deficiency / D 2.4 / Plan | $239,172.94 | Proposed deficiency; subject to allowance, valuation and section 1111(b). | $1,719.10 |
| Ally Bank - estimated deficiency / D 2.1 / Plan | $1,264.44 | Estimated deficiency; valuation/credits subject to determination | $9.09 |
| Chase Auto Finance - estimated deficiency / D 2.2 / Plan | $1,857.52 | Estimated auto deficiency | $13.36 |

# EXHIBIT D
# RETAINED CAUSES OF ACTION

Subject to section 6.9 and prior orders or releases, the Reorganized Debtor retains the following identified rights. Retention is not an allegation that every listed party is liable, and no recovery amount is included in the projections. The investigation is targeted for completion thirty days after confirmation without extending any existing deadline.

| Identified parties / transactions | Rights retained |
|---|---|
| G and G Funding Group LLC; FSSB; TFNB - prepetition collection, citation proceedings, and account restraints | Estate claims and defenses arising from the identified collection and bank-account transactions, including accounting, turnover, lien scope and priority, and recovery of property, to the extent legally available and not resolved or released. |
| Cedar Advance; Forward Financing; Fox Funding; G and G Funding; Headway Capital; Ocean Funding; Samson MCA - financing and receivables transactions | Objections and defenses concerning amount, characterization, perfection, priority, ownership of receivables, payment credits, accounting and enforceability. Statutory avoidance/recovery claims arising from transfers, payments, liens or receivables assignments to these identified parties within applicable lookback periods are retained to the extent supported by facts and law. |
| SBA; TFNB; Ally; Chase Auto - specified secured obligations | Payment reconciliation, valuation, collateral allocation and legally available claim/lien challenges in the appropriate proceedings; no adjudicated issue or expired right is reopened. |
| Customer receivables reflected in the Debtor's books and schedules | Ordinary collection and enforcement rights on unpaid accounts; no speculative litigation proceeds assumed. Material disputed receivables requiring specific affirmative claims shall be disclosed with the requisite specificity before confirmation. |

Applicable sections 544, 545, 547, 548, 549, 550, and 553, and their respective limitation and standing requirements, govern any avoidance or recovery proceeding. This reservation does not toll limitations, expand any lookback period, override a settlement or release, or replace the required pleading and service. Net proceeds are treated under section 2.2(C).

## EXHIBIT E
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Debtor represents that there are no executory contracts or unexpired leases requiring disposition under this Plan, consistent with Schedule G. No assumption, assignment, rejection, or cure payment is proposed.

| Agreement / counterparty | Proposed disposition | Cure amount |
|---|---|---|
| None | None | $0.00 |

Any agreement later identified shall be addressed under sections 2.4 and 6.8 through appropriate notice and Court approval. This exhibit does not affect prior orders, ordinary-course postpetition agreements, or nonwaivable statutory deadlines.